## Hornsby *v.* Butts.

A plea of total failure of consideration to an action on a promissory note given for the county right to make and sell a patented cotton-planter, is not sustained where it is not shown that the right is entirely worthless, and where the defendant, though testifying that it was worth nothing to him, does not show that it was of no value to any one or of no market value, but on the contrary testifies that the planter is a good one, and where he made no offer to surrender to the seller the right to make the planter.

(*a*) In the absence of any evidence as to how much less the right was worth on account of the failure of the plaintiff to furnish a complete model and to make arrangements for obtaining material for making the planter, no deduction could be made on account of partial failure of consideration; and it was not error to direct a verdict for the plaintiff.

July 7, 1890.

Promissory notes. Pleadings. Consideration. Practice. Before Judge Bower. Worth superior court. October term, 1889.

Reported in the decision.

J. W. Walters, for plaintiff in error.

D. H. Pope, *contra*.

SIMMONS, Justice.

Butts sued Hornsby on a promissory note for two hundred dollars. Hornsby pleaded a total failure of consideration, alleging that the note was given for the county right in Dougherty and Mitchell counties of a patented cotton-planter; and that the plaintiff, as a part of the contract, and as part of the consideration thereof, agreed to furnish him within a reasonable time a perfect and complete model of said planter, and further agreed to arrange for a place where he could have the same manufactured, all of which the plaintiff failed and refused to do. After the evidence was closed, the court instructed the jury to find a verdict for the plaintiff. Defendant made a motion for a new trial upon the grounds mentioned therein, which was overruled by the court, and he excepted.

We think the court did right in directing the jury to return a verdict in favor of the plaintiff, under the facts of this case. The defendant failed to sustain his plea of total failure of consideration by evidence. It is true that he testified that the right was worth nothing to him, but he does not show that it was of no value to any one else, or of no market value. In order to sustain a plea of total failure of consideration, the evidence should have shown that the patent right was entirely worthless. Instead of showing this, defendant says in his testimony that the cotton-planter patented was a good one. He made no offer to surrender to the seller the right which he purchased to make these planters in the counties named, but kept the right, and now wishes to avoid the payment of any amount therefor. In the case of *Smith* v. *Hightower*, 76 *Ga.* 629, relied on by the counsel for the plaintiff in error, the plea and the evidence showed that the machines patented were utterly worthless and unsuited for the purpose for which they were made. and this court held that the exclusive right

to sell was valueless if the machines were worthless. There was no such plea or evidence in this case, but on the contrary, as before remarked, defendant testified that the machine was a good one. But it is argued that the court erred in instructing the jury to return a verdict in favor of the plaintiff, because they might have found a partial failure of consideration, and therefore made a deduction from the amount agreed to be paid; that while the patent right may have had some value, yet the plaintiff should not recover the whole amount of the note, because he failed to furnish a complete model or to make the necessary arrangements by which the defendant could obtain castings. This might have been true if the defendant had shown how much less the right was worth on account of the failure on the part of the plaintiff to furnish a complete model and to make arrangements by which he could obtain castings. We have scanned the evidence closely, and there is no intimation of how much less the right was worth because of this failure on the part of the plaintiff. The jury could not have made any deduction from the amount of the note sued on, unless the defendant had furnished the *data* and the testimony from which they could determine the lessened value of the right by reason of this failure on the part of the plaintiff to furnish a complete model and make the arrangements for the castings. The defendant should have shown how much less the patent right was worth by reason of this failure on the part of the plaintiff, before he could ask the jury to make any deduction on account of partial failure of consideration. Not having done this, the jury had nothing upon which to predicate a verdict, and the court was right in instructing them to find for the plaintiff. If the defendant had been damaged by reason of the failure on the part of plaintiff to comply with his part of the contract, he had his remedy against the plaintiff.          *Judgment affirmed.*