1058.  TRIGG *v.* WESTERN UNION TELEGRAPH CO.

The allegations of the petition showed that the plaintiff could have avoided the consequences of the defendant's negligence, by the exercise of ordinary care, and that the proximate cause of her injuries was her own negligence. The petition is sustainable for nominal damages only.

Action for damages, from city court of Floyd county—Judge Hamilton. February 27, 1908.

Argued April 22,—Decided June 18, 1908.

*M. B. Eubanks, W. B. Mebane,* for plaintiff.

*McHenry & Porter, George H. Fearons,* for defendant.

HILL, C. J.  The plaintiff in error brought suit to recover damages, against the Western Union Telegraph Company. The allegations of the petition, briefly stated, are as follows: On May 25, 1907, she was at West Point, Ga., and there delivered to the telegraph company the following message: "West Point, Ga., May 25th, 1907.  Mr. Joe Trigg, 116 Avenue A, Lindale, Ga. Meet train to-morrow. Will come home. Your wife, Annie Trigg."  This telegram was delivered to and accepted by the telegraph company at West Point on the morning of May 25, 1907, but was not received by petitioner's husband until the afternoon of May 26, and not until petitioner had already gotten to Lindale and reached her husband.  She left West Point on the morning of May 26, 1907, thinking that in response to her telegram her husband would meet her as requested.  When she left West Point and when she arrived at Lindale, and for some time prior thereto, she was in a delicate state of health; that is, she was then in a developed state of pregnancy.  She reached Lindale on the 10 o'clock train on the morning of May 26, and was not met by her husband, because the message was not delivered to him.  She was a stranger at Lindale, not having been there before.  As a result of her husband not meeting her at Lindale, she was compelled to ramble around over the town until she finally located him.  As a result of the failure of the company to deliver the telegram as it should have done, and because she was thus compelled to go around over town looking for her husband, she was, on May 26, taken ill and compelled to take her bed, where she is now and will continue to remain for a long time to come; and she suffers great pain now and will continue to suffer; all of which was caused by the

failure of the company to deliver her message in a reasonable time, as it should have done. By an amendment she alleges, that the message should have been delivered in an hour from the time it was received by the company, and that it was delayed twenty-four hours, which delay was occasioned by the negligence of the company in failing to transmit and deliver the message. She alleges, that she was without fault, and exercised all ordinary care to find her husband at the place where he resided, and if the telegram had been delivered to her husband, he would have been at the train to meet her. The defendant demurred to this petition, because no cause of action was set forth, and because the allegations of the second paragraph of the petition showed that the petitioner well knew the street and number of the residence of her husband, and was bound to use ordinary care and caution, and because there is no allegation that she went to or inquired at the residence, or that any inquiry was made at the depot or elsewhere as to the street and number of her husband's residence, whereby her husband could have been found; nor is there any reason assigned for a failure to do so on her part; and any illness she may have suffered after she arrived at Lindale was produced by want of proper care, and on account of her own conduct. Other grounds of the demurrer were met by amendment or were not insisted upon in this court. The court sustained the demurrer and dismissed the petition and this judgment is assigned as error.

1. Conceding that the failure to deliver the telegram was a negligent breach of the company's duty, yet the existence of such negligence was known to the plaintiff when she reached Lindale, for she had a right to assume that her husband did not receive her telegram, as he did not meet her at the depot as she had requested. It was her duty then to exercise ordinary care to prevent any consequences or injury to herself caused by the defendant's negligence. She was not in the exercise of such care when in her condition of health she rambled around over town in the effort to locate her husband. It was decidedly a non sequitur from the negligence of the defendant that she was thus compelled to ramble over the town and to jeopardize her health. According to her own telegram, she knew where her husband lived in the town, and, on inquiry, could doubtless have found the street and number of his residence. The general statement or conclusion on her part, that she exercised

all ordinary care to find and locate him and the place where he resided, was not sufficient. She should have made definite allegations showing that in a city where she knew the number and street of her husband's residence, she could not, with reasonable diligence, have been directed to it, instead of rambling around the town in an effort to locate him.

2. The failure to deliver the telegram to her husband was not the proximate cause of her injury. The act of rambling around town in an effort to locate her husband, according to her allegation, was the cause of her injury. This act was due to her own negligence and was in no sense a reasonable, natural, or probable consequence of the failure to deliver her telegram to her husband by the company, and of his failure to meet her at the depot. "In determining what is proximate cause the true rule is, that the injury must be the natural and probable consequence of the negligence, such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act." *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 156 (42 S. E. 395, 59 L. R. A. 109). The natural and probable consequence flowing from the negligence of the defendant in failing to deliver the telegram was that the plaintiff, who knew where her husband lived, could have readily found by inquiry the street and number which she knew, or could, in the town and at the depot, have secured a conveyance of some description and gone to her husband's address. Her negligent act in rambling around the town in an effort to locate her husband certainly could not have been foreseen or anticipated by the telegraph company as resulting from its negligent delay in delivering the telegram. The only reasonable conclusion to be drawn from the allegations of the petition is that the plaintiff's injuries were caused entirely by her own negligence. Under the authority of *Glenn* v. *Western Union Tel. Co.,* 1 *Ga. App.* 821 (58 S. E. 83), the plaintiff could recover nominal damages. For this reason the court erred in dismissing the petition.      *Judgment reversed.*