## BOWLING *v.* MIMS.

BECK, J.   1. This was a suit upon a promissory note executed by a married woman; to which she pleaded that the note was given to pay a debt of her husband, and alleged that the note was given by her in payment of another note formerly given by her in renewal of a note against her husband, upon which the plaintiff had been indorser.  She denied further that she received the money or any part thereof which formed the consideration of the note.  And whether she had actually received this money for herself, or to pay off the debt of her husband, was a material question.  It was therefore error for the court to allow the plaintiff, over objection duly made, to testify that "Mr. Bowling [the husband of the defendant] came to see whether I would let her [referring to the defendant] have the money," there being no evidence to show that the husband in this case was authorized to act as agent for the wife in borrowing or procuring money for her.

2. The court should have excluded, on proper objections, the following evidence of the defendant, given in response to a question propounded on cross-examination:  "I gave Mr. Mims a mortgage on my place, and my husband gave a mortgage on his place.  I signed the mortgage."  If the instruments referred to were actually executed, the writings would have been the best evidence.

3. Where certain evidence was before the jury, and counsel for the defendant moved to have the same excluded upon stated objections, and inquired of the court whether or not it should be ruled out, and the court replied, "Yes, I reckon so," and no more distinct ruling was invoked by the counsel for the losing party, the failure of the court to make a more distinct ruling will not be ground for a new trial, even though the evidence referred to was objectionable.

4. One ground of the motion for a new trial complains that the record of the mortgage or security deed from the defendant and her husband to the plaintiff was admitted over the objection that the original writing was the highest evidence, and that the same was not produced or accounted for.  But it can not be held that this is ground for a new trial, in the absence of any showing in the ground of the motion itself as to what were the contents of the instrument referred to, so that this court may judge of its materiality.

5. During the progress of the trial the court remarked, in the presence of the jury, "It is immaterial where the money went."  But it does not appear from any statement contained in the motion for a new trial that this remark was made with reference to any money which constituted the consideration of the note sued on, or that it was in any way connected with that; and consequently this court can not judge of the relevancy of this remark to any issue involved in the case.

6. The real issue in this case was as to whether or not the money borrowed was to pay a debt of the defendant's husband, due to the plaintiff, on account of the plaintiff's having paid off and taken up an indebtedness of the husband to a certain bank, or whether the consideration of the note sued on was a loan to the wife by the plaintiff for the wife individually or to be used by her in the payment of a debt of her husband,

without participation by the lender himself in the proceeds of the loan. On the next trial of the case this issue can be more clearly presented to the jury, the charge in the present record being somewhat inapt and confusing.

7. Beyond what is indicated above, the grounds of the motion do not constitute grounds for the grant of a new trial.

*Judgment reversed. All the Justices concur.*
SEPTEMBER 19, 1914.

Complaint. Before Judge Fite. Gordon superior court. July 19, 1913.

*G. A. Coffee* and *J. M. Lang,* for plaintiff in error.

*O. N. Starr,* contra.