### 15055.  DUNBAR *v.* DAVIS, agent.

The court erred in charging to the effect that the plaintiff could not recover if the negligence in question was not the "direct and immediate" cause of the injuries. The law authorizes a recovery for such negligence if it is the *proximate* cause of the injuries; and it may be the proximate cause without being the "direct and immediate cause."

DECIDED APRIL 14, 1924.

Action for damages; from city court of Macon—Judge Gunn. August 18, 1923.

*E. W. Maynard,* for plaintiff.

*Harris, Harris & Witman,* for defendant.

BELL, J. This case has previously been both in this court and the Supreme Court, when the questions presented related to the sufficiency of the plaintiff's petition. See *Dunbar* v. *Hines,* 25 *Ga.*

*App.* 675 (104 S. E. 574) ; s. c. 152 *Ga.* 865 (111 S. E. 396) ; s. c. 28 *Ga. App.* 479 (111 S. E. 744).   Upon the trial the plaintiff elected to proceed upon the second count, after an amendment which removed the defects pointed out in the decision of the Supreme Court.   The case is now here on exceptions by the plaintiff to the overruling of his motion for a new trial, after verdict for the defendant.   Error is assigned upon instructions to the jury that the plaintiff could recover "if the company's negligence was the direct and immediate cause of his injuries rather than the storm," but that the plaintiff could not recover if the jury should believe "that the storm was the direct and immediate cause of the plaintiff's injuries and that the company's negligence was not the direct and immediate cause of the injuries."   While the definitions of "proximate" and "immediate," as contained in the dictionaries, are similar, the meanings of proximate cause and immediate cause as commonly accepted in the law are quite different.   The immediate cause is generally referred to in the law as the nearest cause in point of time and space, while an act or omission may be the proximate cause of an injury without being the immediate cause. "The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new, independent cause, produces that event, and without which that event would not have occurred.   Proximity in point of time or space, however, is no part of the definition.   That is of no importance, except as it may afford evidence for or against proximity of causation, that is, the proximate cause which is nearest in the order of responsible causation."   1 Shearman & Redfield on Negligence, 48, § 26.   "The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation.   The causes that are merely incidental or instruments of a superior or controlling agency are not the proximate causes and the responsible ones, though they may be nearer in time to the result.   It is only when the causes are independent of each other that the nearest is, of course, to be charged with the disaster."   Insurance Co. *v.* Boon, 95 U. S. 117, 130, quoted in *Savannah Electric Co.* v. *Wheeler,* 128 *Ga.* 550 (2), 562 (58 S. E. 38, 10 L. R. A. (N. S.) 1176). Where several causes combine to produce an injury, the last intervening cause is commonly referred to as the immediate cause, although some other agency more remote in time or space may,

in causal relation, be the nearer to the result, and thus be the proximate responsible cause. In the instant case, the wind unquestionably was the immediate cause of the plaintiff's injuries, and the real issue for the jury was whether the defendant's negligence, if found to exist, was nevertheless the proximate cause. The respective concepts of the expressions "immediate cause" and "proximate cause" are illustrated in the following cases: *Terry Shipbuilding Corporation* v. *Griffian,* 153 *Ga.* 390 (112 S. E. 374); *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (1) (108 S. E. 906); *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443); *Western & Atlantic R. Co.* v. *Bryant,* 123 *Ga.* 77 (51 S. E. 20); *Bowen* v. *Smith-Hall Grocery Co.,* 141 *Ga.* 721 (2) (82 S. E. 23, L. R. A. 1915D, 617); *Mayor & Council of Unadilla* v. *Felder,* 145 *Ga.* 440 (2), 444 (89 S. E. 423); *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (1) (42 S. E. 395, 59 L. R. A. 109); *Seaboard Air-Line Railway* v. *Smith,* 3 *Ga. App.* 1 (3), 5 (59 S. E. 199); *Southern Railway Co.* v. *Tankersley,* 3 *Ga. App.* 548 (3) (60 S. E. 2); *Trigg* v. *Western Union Telegraph Co.,* 4 *Ga. App.* 416 (61 S. E. 855); *Valdosta Street-Railway Co.* v. *Fenn,* 11 *Ga. App.* 586 (3) (75 S. E. 984); *Spires* v. *Goldberg,* 26 *Ga. App.* 530 (2) (106 S. E. 585). See also Words & Phrases (1st series), vol. 4, p. 3395; vol. 6, pp. 5768, 5961; Words & Phrases (2d series), vol. 2, p. 941; vol. 3, pp. 1324, 1333, 1349. For the error in the instructions here considered a new trial must result. After a most careful examination and analysis of the evidence, this court is unable to hold that the verdict as found for the defendant was demanded, and therefore that the error in the charge was harmless. There is no merit in any of the remaining assignments of error.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*