## 15027.   JACKSON *v.* BLITCH-EVERETT COMPANY.

That the judge erred in expressing or intimating an opinion to the jury as to what had been proved is not shown by the ground of the motion for a new trial in which it is alleged that such error was committed in propounding to a witness the question, "Were you present when the original contract was made?" No issue as to the making of the contract had been made in the evidence before the question was propounded. Moreover, the assignment of error was defective.

              DECIDED APRIL 24, 1924.

Complaint; from Chatham superior court—Judge Meldrim. August 18, 1923.

*G. E. Johnson, C. E. Alexander,* for plaintiff in error.

*H. P. Cobb,* contra.

BELL, J.   This was an action upon account by a partnership for goods alleged to have been sold to the defendant, and delivered at her instance to her tenant.   The defendant filed a general denial. One of the plaintiff partners testified upon the trial to the making of a contract for the sale of the goods upon the credit of the defendant but to be delivered to the tenant, stating the time and place, and that, according to his best recollection, the tenant, as well as the defendant, was present.   Thereafter, when another of the partners was testifying, the court propounded to the witness the following question:   "Were you present when the original contract was made?"   It had not been disclosed at this time whether the defendant in her evidence would deny the making of the contract, or the delivery of the goods, or both,—the plea being sufficient, however, for either purpose,—although it subsequently developed in the evidence introduced by her that she denied merely the making of the contract.   The sole assignment of error insisted upon

in this court is that "during the progress of the trial and in the presence of the jury the trial judge erred in that he did intimate or express an opinion to the jury as to what had been proved," in propounding the above question.

Under the settled and fundamental policy of our law as embodied in § 4863 of the Civil Code of 1910, it is reversible error for the judge of a superior court to express or intimate his opinion as to what *has* or *has not been* proved, and such an error may be committed by the judge in the interrogation of a witness; but at the time the question here complained of was propounded no issue had been made in the evidence as to the existence of the alleged contract. Up to this point the evidence of its existence was undisputed. The question did not amount to an expression of opinion on the part of the court upon an issue *then* presented by the testimony of the parties. See *Daniel* v. *Charping,* 151 *Ga.* 34 (3) (105 S. E. 465). Furthermore, a ground of a motion for a new trial must be complete within itself, and the assignment of error is defective in failing to allege *what fact* the court intimated had been proved, or that the intimation was unfavorable to the movant. *Bowling* v. *Mims,* 142 *Ga.* 397 (5) (83 S. E. 112); *Kay* v. *Benson,* 152 *Ga.* 185 (1) (108 S. E. 779). The court did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*