## 17717. BLAND v. WALLACE.

1. The evidence sustains the verdict.

2. The judge charged the jury on the subject of fraud, and the exception based on alleged failure so to charge is groundless.

3. There being no evidence that the automobile in question was entirely worthless, the court was not required to charge on total failure of consideration.

4. There being no evidence to show how much less the automobile was worth by reason of the alleged defects, the court did not err in failing to charge on partial failure of consideration.

5. A ground of a motion for a new trial must be complete within itself, and an assignment that the court erred in expressing an opinion in a colloquy with counsel as to the admission of evidence is defective if it does not set out what fact the court intimated had been proved, or that the intimation was unfavorable to the movant.

6. Where error is assigned upon the admission of evidence, it must appear that a valid and timely objection was made on the trial.

DECIDED JANUARY 11, 1927.

Complaint; from city court of Metter—J. L. Brown, judge pro hac vice. October 14, 1926.

*Kirkland & Kirkland,* for plaintiff in error.

*Anderson & Trapnell,* contra.

LUKE, J. H. C. Wallace (hereinafter referred to as the plaintiff) sued J. C. Bland (hereinafter called the defendant) on a $250 check given in part payment for a Dodge automobile. The defendant admitted the execution of the check and that the plaintiff was the legal holder thereof, and assumed the burden of proof.

1. In view of the stipulations in the retention-of-title contract under which the automobile was bought, that it "constituted the full and complete terms of the sale," and that the defendant had "examined same, and accepted it in its present condition," and of the further fact that it appears from the record that the "court excluded all evidence of parol agreements made prior to the execution of the contract, tending to change the terms of the written contract," there were really only two tenable defenses made by the evidence, i. e., that the defendant was induced by fraud to buy the automobile, and that the sale was subsequently rescinded, by agreement. Though conflicting, the evidence warranted the jury in

Appeal and Error, 3 C. J. p. 967, n. 40 New; 4 C. J. p. 70, n. 90, 91; p. 859, n. 7.

Bills and Notes, 8 C. J. p. 1077, n. 42.

Trial, 38 Cyc. p. 1618, n. 35.

finding that there was no fraud and no rescission; and there is no merit in the general grounds of the motion for a new trial.

2. Since it appears from the record that the court did charge upon the subject of fraud, there is no merit in the assignment that he did not do so. Moreover, the ground of the motion for a new trial complaining of such failure to charge, is not complete and understandable within itself.

3. There being no evidence in the record to show that the automobile was entirely worthless, the court was not required to charge on total failure of consideration. *Hornsby* y. *Butts,* 85 *Ga.* 694 (11 S. E. 846).

4. There being no evidence to show how much less the automobile was worth by reason of the alleged defects, the court did not err in failing to charge on partial failure of consideration. *Hornsby* v. *Butts,* supra.

5. Complaint is made that "the court did express an opinion in the presence of the jury, which is contrary to law," in saying to the attorney for the defendant, "I do not know whether this letter is admissible, just the letter itself or not; I think the letter would be admissible to show you that Mr. Wallace did not get anything from this Finance Company, or not. I will let the letter go in." The ground alleges that "this was error for the reason the defendant contended that the plaintiff had received the Dodge car in question, the check for $250 sued on, and one Ford car valued at $150, and the letter that the court admitted in evidence was a letter from Motors Finance Company to H. C. Wallace, H. C. Wallace being the agent of Motors Finance Company or the Motors Finance Company being the ones that purchased the notes of defendant from H. C. Wallace." "A ground of a motion for a new trial must be complete within itself, and the assignment of error is defective in failing to allege what fact the court intimated had been proved, or that the intimation was unfavorable to the movant." *Jackson* v. *Blitch-Everett Co.,* 32 *Ga. App.* 192 (122 S. E. 829). Moreover, it can not be concluded from the assignment that any opinion was expressed.

6. The next, and last, ground of the motion follows: "Because the court erred in admitting in evidence, over timely objections, the following letter: 'Mr. Wallace. . . Dear sir: Referring to telephone conversation of this morning, we are enclosing

herein note and conditional-sale contract signed by J. C. Bland, and we wish to advise that the amount still open on this account is $149.86, plus court expenses and interest. Yours very truly, Motors Finance Corporation.' This was error for the reason only letters and replies are admissible in evidence, and this was a letter from Motors Finance Corporation, of Savannah, to Mr. H. C. Wallace, Metter, Ga." This ground is of no avail for the following reasons: (1) It does not appear that the objection now urged to the letter was presented to the trial court at the time the ruling was made. *Soell* v. *State*, 4 *Ga. App.* 337 (2 *b*) (61 S. E. 514). (2) If such objection had been made in the lower court, it would not be sufficiently specific and intelligible to present any question for determination. (3) The objection that "only letters and replies are admissible in evidence" is intrinsically not sound.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*