### 17415.  JOHNSON *v.* PEOPLES BANK.

</div>

STEPHENS, J. 1. Where a vendor of land is not insolvent, or where there is not some ground for equitable interference with the contract of sale, on the ground of fraud or otherwise, the vendee in possession of the land can not, in defense to a suit against him for the purchase-money, set up that the vendor has no title to the land. *Puckett* v. *Jones*, 36 *Ga. App.* 253 (136 S. E. 462).

2. Where a promissory note is acquired by a transferee after its maturity, the transferee does not take it subject to a defense by the maker against the payee arising after the transfer of the note; as, for instance, a rescission of the contract of sale by which the maker surrenders possession of the land to the owner. *Georgia State Bank* v. *Harden*, 32 *Ga. App.* 300 (3-*a*) (124 S. E. 68).

3. Where a bank as transferee of such a note brought suit on it against the maker, evidence to the effect that the cashier of the bank, after the maturity of the note, stated to the defendant that the bank held the note for collection, was proof of an admission in behalf of the bank, au-

Bills and Notes, 8 C. J. p. 344, n. 3; p. 717, n. 4; p. 1034, n. 54; p. 1054, n. 68.

Evidence, 22 C. J. p. 199, n. 36; p. 220, n. 26; p. 221, n. 27; p. 229, n. 56.

Vendor and Purchaser, 39 Cyc. p. 1358, n. 50; p. 1928, n. 62; p. 1929, n. 67.

thorizing the inference that at the time the admission was made, the bank had not acquired title to the note.

4. The time when title to the note was acquired by the transferee suing thereon was not established, where it appeared that if the transferee acquired title, it was acquired after maturity, and there was no evidence as to the time when title was acquired.

5. A statement by the cashier, made after the maturity of the note, to the effect that the bank had traded for the note, was a self-serving declaration and mere hearsay, and had no probative value as tending to establish title to it in the bank.

6. It appearing that the note sued on by the bank as transferee was given for the purchase of land which the vendor held under a bond for title from his immediate vendor, and there being evidence that the bond for title was surrendered by the defendant's vendor to his immediate vendor, the holder of the legal title, and the contract of purchase was thereby rescinded by them, and that the defendant surrendered the land to his vendor's vendor and thereby rescinded his contract of purchase, and thus established a defense to a suit upon his purchase-money notes, as against the payee or one taking with notice, the evidence was insufficient to authorize the inference that the plaintiff acquired title to the note prior to the rescission by the defendant of his contract of purchase.

7. Applying the above rulings, it was error to direct a verdict for the plaintiff.

> *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 5, 1927.

Complaint; from Wilkes superior court—Judge Perryman. May 6, 1926.

Application for certiorari was made to the Supreme Court.

*M. L. Felts, Colley & Colley,* for plaintiff in error.

*Clement E. Sutton,* contra.