27279. CARPENTER *v.* GRENADE.

DECIDED MARCH 1, 1939.

*Hammond, Kennedy & Yow,* for plaintiff in error.
*W. D. Lanier, Clarence L. Powell,* contra.

STEPHENS, P. J. 1. The degree of care or diligence in the

operation of an automobile which rests upon a person operating one along a public highway, as respects other persons or property on the highway, is not *extraordinary* care, but ordinary care only. On the trial of a suit in which the plaintiff seeks to recover damages for injuries to his automobile, sustained while it was traveling along a public highway, caused by the alleged negligence of the defendant, who was traveling in another automobile along the highway in the same direction in which the plaintiff was traveling, in turning his automobile to the right and running into the automobile of the plaintiff while the defendant was undertaking to pass the plaintiff on the highway, the only negligence legally attributable to the defendant as causing the alleged injury to the plaintiff was the failure on the part of the defendant to exercise *ordinary* care; and where the court nowhere in the charge instructed the jury as to the degree of care or diligence resting upon the defendant, but where the only charge as to the degree of care or diligence resting upon any one was a charge that a duty to exercise ordinary care or diligence rested upon the plaintiff, a charge of the court in the following language was equivalent to an instruction to the jury that a duty to exercise *extraordinary* care rested upon the defendant: "Whatever a statute requires positively the defendant to do, a failure to do so is negligence, as a matter of law, but outside such statutory negligence, what would be required of him, the definition of ordinary care, or extraordinary care, as applicable to what you find the facts to be in the present case, is a question for the jury." This charge was error prejudicial to the defendant, and requires the grant of a new trial to the defendant.

2. A failure of the court, in the charge, to define proximate cause, in the absence of a special request therefor, was not error. *Dunbar* v. *Davis,* 32 *Ga. App.* 192 (122 S. E. 895); *City Ice Delivery Co.* v. *Turley,* 44 *Ga. App.* 32, 38 (160 S. E. 517); 45 C. J. 921.

3. Where the court charged the jury that "actionable negligence arises essentially from a legal duty, a breach of duty, by failure to observe due care, and such breach proximately causing the injury," and that where the "plaintiff has made out his case by a preponderance of testimony and you should find for the plaintiff then the form of your verdict should be" etc., it was not error, in the absence of a special request, for the court to fail to charge the jury that

the burden rested upon the plaintiff to show by a preponderance of the evidence that the negligence of the defendant was the *proximate* cause of the injury to the plaintiff.

4. As the matter is not likely to occur upon another trial, it is. not necessary for this court to pass upon the assignment of error upon the court's permitting counsel for the plaintiff to impeach his own witness by testimony of another witness in contradiction of the witness's testimony denying that he had had a conversation with the defendant.

5. The court erred in not granting the defendant a new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*