## HYDE v. CLAUDE NEON FEDERAL CO.

### No. 2192.

Court of Civil Appeals of Texas. Eastland.

Nov. 7, 1941.

Rehearing Denied Dec. 12, 1941.

George C. Cochran, of Dallas, for appellant.

Malone, Lipscomb, White & Seay, of Dallas, for appellee.

FUNDERBURK, Justice.

Claude Neon Federal Company, a corporation, brought this suit against Herschel Hyde and Morris L. Glover, constituting a partnership doing business in the name of Southwest Carpet & Drapery Company, of Houston, Texas, to recover damages for alleged breach of a written contract. The subject of the contract was the lease (for a term of 36 months), installation and maintenance of a neon sign advertising defendants' business in the city of Houston. The contract also included an option to the defendants upon stated consideration to purchase the sign. One of the provisions of the contract purported to obligate defendants to "keep and use the display [the sign and accessories] for a period of thirty-six (36) months and to pay the sum

954

of Eighteen & 30/100 dollars ($18.30) per month for 36 months monthly in advance during the life of this agreement, payments to begin when sign is erected." Another provision, expressly an obligation of the defendants, was "If there be dᵉfault in payment of any monthly rate as herein provided or Customer [Defendants] voluntarily or involuntarily discontinues the business, or upon refusal or neglect of the Customer to accept the sign when tendered by the company [Plaintiff] it is hereby agreed that in any such event the Customer shall pay the company upon demand Twelve & 81/100 dollars ($12.81) for each month of the unexpired portion of the agreement, which sum is agreed to be the actual loss which would be suffered by the company in any such event and is not a penalty." The damages sought to be recovered were the contract price of service and maintenance (so denominated) from December 1, 1938 to April 30, 1939 at $18.30 per month, or $91.50; and also liquidated damages in the sum of $409, measured as per the contract by $12.81 per month from May 1, 1930 to June 15, 1941, the latter being the alleged expiration date of the lease. As against the total a credit was acknowledged representing two monthly payments made in advance, or $36.60.

Defendant, Morris L. Glover, did not appear and judgment against him was by default.

A jury impaneled to try the case was, at the close of the evidence, discharged by the court upon the view, as expressed in the judgment, that only questions of law were involved. The court gave final judgment in favor of the plaintiff against the defendants, jointly and severally, in the sum of $381.55, with interest and costs, from which defendant Hyde alone has appealed.

■ The appellant contends that the contract "is too vague, indefinite and uncertain both as to terms and as to subject-matter to result in an enforceable obligation." The basis of this contention seems to be that the contract contains a number of blanks, but an inspection of the contract shows that a form was used designed to permit of the making of a contract with different or additional provisions. The blank spaces not filled in were simply those not needed in expressing the particular agreement. The certainty of the provisions of the agreement, as made, was not affected.

■ Proof of the contract was in no way inhibited by the statutes of frauds. The argument to the contrary, based upon the theory that the contract expressed no beginning date of the 36 months term of the lease is not supported by the record. The contract provided for a term of 36 months and payments of $18.30 per month "to begin when the sign is erected." The obvious meaning of the contract is that the 36 months' term was to begin when the erection of the sign was completed. Thus the contract itself provided, in effect, that the 36 months' term of the lease was to begin at the time of a particular event. The date of the happening of that event was ascertainable as a matter of fact. Hence, the contention is not sustained by the record that the contract failed to provide the date when the term was to begin.

■ It is insisted that there was no evidence of compliance with the contract on the part of plaintiff; that the only evidence thereof was a ledger sheet which, it is argued, was incompetent. In our opinion, all prerequisites to the admissibility of the ledger sheet were shown and that the ledger (part of it in question) was admissible. We are further of the opinion that it constituted prima facie evidence of performance by the plaintiff and, there being no evidence to the contrary, was sufficient.

■ We do not agree, however, that the ledger was the only evidence of performance. The witness, Claus, furnished at least corroborating evidence, and even the defendant Hyde, as a witness, testified that it was at 3700 Main Street where "the sign was installed." Evidence that the sign was in fact installed was evidence of performance.

■ The contention that the contract constituted a chattel mortgage is also, we think, without merit. At any rate, the materiality of the question, if any, is not apparent.

■ We also overrule the assignment constituting the basis of the contention that Glover had no implied authority to bind the defendant Hyde by the contract. Glover was the managing partner, and we think had implied authority to contract for the erection and maintenance of a sign at the firm's place of business containing the firm name and indicating the nature of such business. As sole manager, and one of the partners, Glover had implied authority in the absence of express restriction, and no-

tice thereof to plaintiff, to bind the other partner by "all transactions in the course of the partnership business, even though a particular transaction apparently is not needed to carry on the business." 47 C.J. p. 831, sec. 294.

■ It is further contended that the provision purporting to obligate defendants to pay $12.81 for each month of the unexpired portion of the term upon certain contingencies is a penalty provision, and not one for liquidated damages. We think the contract shows that the parties had in mind, in expressing the obligations of the contract, the difference between a penalty and liquidated damages, and expressed the intention to provide for liquidated damages and not a penalty. According to express provision of the contract, the stipulated sum to be paid "is agreed to be the actual loss which would be suffered by the company in any such event *and is not a penalty.*" (Italics ours.) There is not thus presented a case of merely using the wrong words in expressing an obligation which is clearly a penalty provision, or provision for liquidated damages, as the case may be.

At any rate, the reasons which usually support the construction of a provision as one for a penalty rather than for liquidated damages seems to us to be absent here. It is only apparently, but not really true, that the same amount is provided to be paid upon each of the several contingencies. If the contingency had been the refusal or neglect of the defendants to accept the sign, the whole sum would have been due. On the other hand, if all payments had been made except the last one, then only $12.81 would have been due. The contingency being the discontinuance of business the amount due was determined by the date of such discontinuance. In any way the provision could operate, it had some direct and reasonable relation to the damages which the plaintiff would sustain. Such damages involving numerous elements, especially by way of credits or deductions, were sufficiently uncertain to make a provision for liquidated damages desirable.

■ Finally, in our opinion, the doctrine of ultra vires has no application to the case. In the words of appellee's counter proposition, "There is nothing in the record to indicate that appellee was engaged in the advertising business, and hence no error in refusing to find this contract ultra vires." Plaintiff's permit to do business as a corporation included "The manufacture, purchase, sale, lease and maintenance of electric signs, goods, wares and merchandise." The subject-matter of the contract was all clearly within one or more of these powers.

It being our conclusion that no reversible error has been shown and that the judgment of the court below should be affirmed, it is accordingly so ordered..