39335. ONE IN ALL CORPORATION v.
FULTON NATIONAL BANK.

DECIDED APRIL 11, 1962—JUDGMENT ADHERED TO JULY 5, 1962.

*Leiter & Leiter, Marvin O'Neal, Jr.,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Thomas E. Joiner,* contra.

BELL, Judge. Under our summary judgment statute, a summary judgment can be rendered only where there is no genuine issue as to material fact and the moving party is entitled to a judgment as a matter of law. The statute expressly provides

that it shall not be construed as denying to any party the right to trial by jury where there are substantial issues of fact to be determined. Ga. L. 1959, p. 234 (*Code Ann.* § 110-1203).

There is no issue of fact as to whether Ryals Insurance Agency was a comaker on one of the loans, because although the agency's name appeared on the plaintiff bank's ledger card in a space marked "comaker," Mr. McDaniel explained in his deposition that "it is worded as a comaker but he is an endorser." The instrument itself confirms this statement.

The attempted foreclosure on the plaintiff in error's automobile before the maturity date of the note or notes raises no issue of fact, inasmuch as the automobile was not found to be levied upon and no damage is alleged to have been incurred as a result of the attempted foreclosure.

That one of the instruments was back dated does not prevent it from being a negotiable instrument. *Code* § 14-212. Even the insertion of a wrong date in an instrument does not avoid it in the hands of a subsequent holder in due course. *Code* § 14-213. The affidavit of the agent of the maker that she did not authorize back dating of the instrument does not raise any issue as to material alteration since she signed it, so far as appears from the record, with the antecedent date inserted and by signing adopted and ratified the back dating.

The evidence offered by the bank tends to prove that it was a holder in due course, it having taken the instrument in its own behalf. However, the testimony of Leiter, which was offered as a matter within his own knowledge, gained through a three-way telephone conversation, was that the bank took the notes for collection. Leiter's testimony would authorize the jury to find that the bank was not a holder in due course of the notes, but instead held them for collection. From this testimony of Leiter in the record it appears that there was a substantial issue of material fact which the defendant had the right to have submitted to a jury. If the bank held the instrument as a holder in due course, the defense of failure of consideration could not be asserted against the bank; while if the bank held the instrument merely for collection the defense could be asserted against it. The holder in due course holds a negotiable

instrument in his own right and takes title thereto. A holder for collection does not hold in his own right and is merely the agent of the true owner who has parted with possession but has retained title. Where the instrument is transferred to a bank for collection the bank does not have title. *Johnson v. Peoples Bank*, 36 Ga. App. 570 (3) (137 SE 104). A transfer for collection is a mere power of attorney leaving title in the transferor. *Atkins & Co. v. Cobb*, 56 Ga. 86, 88 (2). Where the instrument is held for collection, it is subject to the same defense as if it were held by the payee. *Wilson v. Tolson*, 79 Ga. 137 (3 SE 900).

The other issues of material fact raised are not ruled upon since their existence will depend upon the outcome of the trial as to whether the plaintiff is a holder in due course.

Since there was at least one issue as to a material fact which the defendant had the right to have determined by the jury, the trial court erred in granting the plaintiff's motion for summary judgment.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*