40149.   ONE IN ALL CORPORATION v.
FULTON NATIONAL BANK.

Decided May 23, 1963—Rehearing denied July 2, 1963.

*Leiter & Leiter, Marvin O'Neal, Jr.,* for plaintiff in error.
*Smith, Kilpatrick, Cody, Rogers & McClatchey, Thomas E. Joiner,* contra.

Hall, Judge.   The only assignment of error argued in this case

is the direction of a verdict on counts I and III of plaintiff's suit for the balance due on promissory notes executed by the defendant.

■ The defendant, as plaintiff in error in this court, contends that a conflict between the testimony of witnesses for the plaintiff and for the defendant required submission of the case to the jury; and the plaintiff contends that this was an immaterial conflict in the evidence. The defendant's witness Leiter testified that in a telephone conversation between Ryals, of Ryals Insurance Agency, Inc., the original payee of the note sued on in count I, and the plaintiff bank's employee, to which Leiter was a party on an extension phone, the bank's employee said, "The credit of the One In All Corporation was not good and they wouldn't take their note . . . and they said they would take a note for One In All Corporation and they would collect on it . . . He wouldn't take the notes of One In All Corporation because credit wasn't there . . . He would take the note on the automobile [sued on in count III] but he absolutely refused to take it on insurance and he mentioned that they wouldn't mind holding for collection and we pay to the bank, when the bank gets the money they would turn it over to Ryals . . . He would take it for collection, would hold it over and take it for collection. He wouldn't honor it." The bank employee testified he did not recall any conversation about this particular note. Ryals testified he did not remember whether or not he discussed this note, and denied that the defendant's witness was on an extension phone in his office.

In *One In All Corp. v. Fulton Nat. Bank,* 106 Ga. App. 255 (126 SE2d 636), this court reversed the granting of the plaintiff's motion for summary judgment because of testimony of the defendant's witness Leiter "gained through a three-way telephone conversation . . . that the bank took the notes [including the note sued on in count I] for collection." The opinion states: "From this testimony of Leiter in the record it appears that there was a substantial issue of material fact which the defendant had the right to have submitted to a jury." The testimony then before the court was substantially the same as Leiter's testimony at the trial. Therefore it is the law of this

case that the conflict in the evidence was material as to count I and that a verdict should not have been directed on count I. *Jackson v. Jackson,* 209 Ga. 85, 88 (70 SE2d 592). The essence of a motion for summary judgment and a motion for directed verdict is that there is no genuine issue of material fact to be resolved by the trior of the facts. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408). When the granting of a summary judgment has been reversed because the evidence before the court created a material issue of fact, it is error thereafter to direct a verdict in the case upon substantially the same evidence presented at the trial.

■ Respecting count I the record shows that a notice, as provided by *Code Ann.* § 20-506, relative to enforcement of the provisions of the note for payment of attorneys' fees was given to the defendant, after the original petition was filed but ten days before the plaintiff's amendment to count I seeking recovery of attorneys' fees. We are of the opinion that failure to give notice before commencement of the action does not preclude the recovery of attorneys' fees, as contended by the defendant. Camilla Cotton Oil Co. v. Spencer Kellogg & Sons, 257 F2d 162 (5th Cir.). The case of *Strickland v. Williams,* 215 Ga. 175 (109 SE2d 761), relied on by the defendant, is not inconsistent with the holding in the Camilla case, supra.

■ The defendant contends that the plaintiff's ledger cards admitted to prove the balances due on the notes sued on in counts I and III, did not demand the verdict, and the weight and credit of these records should have been submitted to the jury. The plaintiff's witness identified these records as required by the Georgia business records statute, *Code Ann.* § 38-711, testified from them that the amounts sued for were due on the notes; and the defendant did not contradict this testimony or impeach the records. It is true that when the proper foundation has been laid and business records have been admitted in evidence their weight and credit is for the jury. *Code Ann.* § 38-711; *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376, 379 (100 SE2d 142). It does not follow, however, that business records when uncontradicted should be treated differently from any other kind of uncontradicted evidence. The statute, *Code Ann.* § 38-711, itself provides that

it shall be liberally interpreted and applied. Books of account when admitted under such a statute are prima facie evidence of the facts they state, and when not contradicted or explained may become conclusive. Commercial Credit Corp. v. Sorgel, 274 F2d 449, 457 (5th Cir.); Hyde v. Claude Neon Federal Co., (Texas) 157 SW2d 952, 954; 20 Am. Jur. 881, § 1043; 32 CJS 695, § 768.

The trial court erred in directing a verdict on count I but did not err in directing a verdict on count III.

*Judgment reversed in part; affirmed in part. Carlisle, P. J., and Bell, J., concur.*

ON PLAINTIFF'S MOTION FOR REHEARING.

HALL, Judge. The plaintiff contends that, even assuming that there was a jury question whether the bank held the note for collection or as a bona fide holder in due course, a verdict was nevertheless demanded for the plaintiff on count I because the defendant's evidence was insufficient to prove a defense of total or partial failure of consideration. We recognize the authorities to the effect that to support a defense of partial failure of consideration there must be evidence introduced showing the extent to which the consideration has failed. *Hornsby v. Butts*, 85 Ga. 694 (11 SE 846); *Clegg-Ray Co. v. Indiana Scale &c. Co.*, 125 Ga. 558 (54 SE 538). Accordingly, to establish its defense of partial failure of consideration based on cancellation of the insurance for which the note was given, the defendant had to prove the term and the annual premium on the insurance and the period of time the policy was in effect prior to cancellation. There was evidence at the trial from which a jury could find that the note was given to Ryals Insurance Agency for annual premium on insurance for a term of one year from April 5, 1960; that the insurance was canceled by notice dated January 16, 1961, effective January 26, 1961; that of the $1,536.80 original amount of the note $1,449.80 was principal and $87 was interest, the principal having been deposited by the bank to the account of Ryals Insurance Agency. From this data the amount of the unearned insurance premium could be calculated.

*Rehearing denied. Carlisle, P. J., and Bell, J., concur.*