40418.   PHILLIPS v. HOWARD et al.
40432.   ATLANTA TRANSIT SYSTEM, INC. et al. v.
HOWARD et al.

DECIDED MARCH 2, 1964—REHEARING DENIED MARCH 19, 1964.

*Greene, Neely, Buckley & DeRieux, Edgar A. Neely, Jr., J. Douglas Stewart,* for plaintiff in error (Case No. 40418).

*Walter B. Fincher, Dent Acree, Jule W. Felton, Jr.,* contra.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., Jule W. Felton, Jr., Dent Acree,* for plaintiffs in error (Case No. 40432).

*Greene, Neely, Buckley & DeRieux, Edgar A. Neely, Jr., Walter B. Fincher,* contra.

BELL, Presiding Judge.

### Re: Case No. 40432.

■ By direct exceptions the defendants Atlanta Transit Co. and Bates object to the trial court's striking at the pre-trial hearing a particular paragraph of the petition which in substance alleged that the other defendant, Phillips, had violated an officially installed red light when entering the intersection and colliding with the trackless trolley.

There is merit in this assignment.

In all material aspects the allegations relating to the running of the red light as charged against the Transit Company and Bates were identical with those charged against Phillips. As the trolley and the vehicle driven by Phillips approached the intersection from perpendicular angles, these allegations resulted in the pleading of an impossibility. Construing the petition as to the course of the trolley and the automobile leading to the collision, together with the nature of the red light and the place

of the collision, it is at once apparent that either one could have violated the red light, but simultaneously both could not have done so.

The trial court gave no valid reason why the portion of the pleading should have been stricken as to Phillips and left extant as to the other defendants. In absence of an admission by the plaintiff or of an amendment to the petition, neither of which occurrences appears in the court's pre-trial order, the particular portions of the pleadings on proper motion made should have been stricken as to each of the defendants. The impossibility of the result alleged in the pleadings having been manifest on its face, on motion made by only one of the parties the entirety of the defective part should have been stricken. It was erroneous for the court to allow the defect to be rectified by striking it only as to one defendant when the imperfection applied equally to all.

■ Special ground 4 of the motion for new trial of the Transit Co. and Bates urges as tending to confuse or mislead the jury and as harmful the judge's submission to the jury of a portion of the petition alleging specific negligence against these defendants, charging law applicable to this specification of negligence and allowing the jury to predicate a recovery on the point, where there was no evidence adduced on the trial sufficient to warrant a recovery on the alleged specification.

The specification of negligence in doubt was to the effect that the defendant Bates drove the bus of the Transit Company against a red light into the intersection where the collision occurred.

The evidence relevant to the issue reveals only the following: The plaintiff riding on the trolley did not see the light, but she admits that the bus stopped. Plaintiff's witness Terry also testified the bus stopped for a red light at the intersection in question. Her witness Jones testified that the bus stopped for the red light and started again when it changed to green. Witnesses Lowry and Audrey for Bates and the Transit Company testified that the bus started on a green light. Defendant Bates testified that he stopped on red and started on green. Defendant Phillips remembers seeing a green light governing traffic on

her cross-street, but she could not identify the intersection at which it was located and admitted that the light might have been at another intersection other than where the collision occurred. There was no other evidence concerned with the point. An analysis of this evidence indicates rather convincingly that there was no evidence supporting the contention that the Atlanta Transit Company's trolley driven by Bates had violated the red stop light at the intersection.

Ordinarily, it is not reversible error for the court to state merely a contention of a party as demonstrated by the pleadings even though there is no evidence or insufficient evidence to support the contention. *Matthews & Co. v. Seaboard Air-Line R.*, 17 Ga. App. 664 (1) (87 SE 1097). However, the court did more than merely state a contention not supported by the evidence. The judge charged law applicable to the contention, submitted the unsupported contention as an issue in the case, and authorized the jury to base a verdict on it. Under these circumstances, there can be no question but that the court committed harmful and reversible error. "Instruction as to law on a material issue, unauthorized by the evidence, is improper, and if it is not apparent that the jury could not have been misled thereby, is cause for a new trial." *Jones v. Hogans*, 197 Ga. 404, 412 (29 SE2d 568).

The trial court erred in submitting to the jury the plaintiff's contention that the trolley ran through a red light into the intersection of Memorial Drive and Flat Shoals Avenue, in charging the law on the issue, and in authorizing the jury to base a recovery on the specification unsupported by the evidence. There is merit in this special ground of the motion.

■ Ground 5 of Transit Company's amended motion for new trial objected to the portion of the judge's charge which directed the jury to consider only the negligence of defendant Transit Company, if any, which the jury found to have been a "proximate or producing cause" of plaintiff's injury. Transit argued that to give the jury an alternative under which they could find against defendant merely because the company's driver's act "produced" an injury would allow the jury to omit legal or proximate causation completely. In Black's Dictionary (4th

Ed.), however, "proximate cause" is defined as "the moving or producing cause," citing Eberhardt v. Glasco Mut. Tel. Assn., 91 Kan. 763 (139 P 416, 417); Buchanan v. Hurd Creamery Co., 215 Iowa 415 (246 NW 41). Webster defines "proximate cause" as "that which in ordinary natural sequence produces a specific result, no independent disturbing agencies intervening." In accord: *Cedrone v. Beck*, 74 Ga. App. 488 (40 SE2d 388).

Transit Company relies on *Dunbar v. Davis*, 32 Ga. App. 192 (122 SE 895), in which it was held that the judge erroneously instructed the jury that the plaintiff could recover "if the company's negligence was the *direct and immediate* cause of his injuries." (Emphasis supplied.) The court held that "proximate" and "immediate" are similar but not synonymous terms and that "immediate cause" has its own distinct legal significance. In *Dunbar*, the term "proximate cause" was never employed in the judge's charge, which is another reason for distinguishing this case.

The charge objected to is not erroneous or unsound as an abstract principle of law, and under ground 5, as drafted, this is the only point which can be considered here. This ground has no merit.

■ In special ground 6 of the motion for new trial, the Transit Company and Bates urge that the trial court erred in quoting *Code Ann.* § 68-1626 (a) and (c) to the jury in relation to the duty of the Transit Company and the defendant driver. This Code section pertains to certain speed regulations governing persons driving "vehicles" on streets and highways and when approaching intersections. Movants contend that *Code Ann.* § 68-1502 specifically excludes trackless trolleys from the definition of a "vehicle" as used in Chapter 68 of the Code. It is unquestioned that Bates was driving a trackless trolley when the accident occurred.

We think this contention is controlled adversely to the movants by the holding in *Stanley v. Squadrito*, 107 Ga. App. 651, 655 (131 SE2d 227), dealing with *Code Ann.* § 68-1626 that: "The gist of the violation of the statute . . . is driving at a speed greater than is reasonable and prudent under all the circumstances. In other words, . . . the material issue is

whether the defendant's speed, whatever it was, was dangerous under all the circumstances. To find such a violation of *Code Ann.* § 68-1626 to be negligence per se, a finding of common law negligence must first be made. *Grayson v. Yarbrough,* 103 Ga. App. 243, 247 (119 SE2d 41)." The trolley, whether a "vehicle" by definition or not, is bound by this fundamental common law duty. Determination of the reasonableness of speed is necessarily for the jury. *Sheppard v. Johnson,* 11 Ga. App. 280, 281 (75 SE 348) ; *Central of Ga. R. Co. v. Larsen,* 19 Ga. App. 413, 420 (91 SE 517).

Although the trial court was technically incorrect in making this Code section applicable to the trolley, since the section merely restates a common law duty binding on the defendants Bates and the Transit Company, there was no harm, and the jury was not misled.

■ In ground 7, defendant Transit Company also objected to the judge's charge to the effect that if the jury found that the combined negligence of the defendants proximately caused injury to the plaintiff, plaintiff would be entitled to recover against all of the defendants and the jury should return a single verdict against all of them.

Movants aver only that the charge was erroneous and unsound as an abstract principle of law. We disagree.

There is no merit in special ground 7 nor in special ground 8.

In relation to ground 9 of Transit Company's amended motion for new trial, we do not find that the judge erred in charging to the effect that no person having the right of way at an intersection is entitled to drive blindly or recklessly across the intersection without regard to conditions and consequences. The charge does not express an opinion that Bates drove through the intersection recklessly, and we cannot agree that there was no evidence supporting the charge in relation to Bates and the Transit Company.

■ It was not error for the trial judge to refuse to submit a requested charge to the jury as complained of in ground 10 of the Transit Company's amended motion for new trial, because the requested charge is imperfect and contains errors of law. *Downs v. Powell,* 215 Ga. 62, 65 (108 SE2d 715) ; *Atlanta Metal-*

*lic Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 166 (121 SE2d 388) ; *Bibb Transit Co. v. Johnson,* 107 Ga. App. 804 (2) (131 SE2d 631). For example, the requested charge twice indicates that the trolley operator was under the duty to exercise *ordinary care* and diligence to avoid a collision. The suit before us involves a suit for damages by a trolley passenger against the Transit Company for injuries sustained in the collision. The duty of the Transit Company to its passengers on board during transit is that of *extraordinary care.*

■ As to the defendants Bates and the Transit Company, the evidence was sufficient to support the verdict. There is no merit in the general grounds of their motion for new trial. The motion of these defendants for a judgment n.o.v. is denied.

*Re: Case No. 40418.*

■ In ground 4 of her amended motion for new trial, defendant Phillips alleges that the court erred in refusing to admit Bates' testimony from an earlier deposition taken in connection with this accident, concerning at least two previous traffic accidents, one of which was chargeable against him, in which he had been involved as a driver for the Transit Company, for the purpose of impeaching this witness who testified at length in open court that he had an unblemished safety record as a trolley operator. *Code* § 38-1802 provides that: "A witness may be impeached by disproving the facts testified to by him." *Code* § 38-1803 provides in part that: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him (unless they are written statements made under oath in connection with some judicial proceedings), the time, place, person, and circumstances attending the former statement shall be called to his mind with as much certainty as possible; and if in writing, the same shall be shown to him, or read in his hearing, if in existence; and to lay this foundation, he may be recalled at any time. When thus impeached, he may be sustained by proof of general good character, the effect of the evidence to be determined by the jury." In *Estill v. Citizens &c. Bank,* 153 Ga. 618, 628 (113 SE 552), the court construed the phrase "written

statements in some judicial proceedings" to include depositions. Also, *Molyneaux v. Collier*, 30 Ga. 731 (2).

Since defendant Phillips had an interest in proving Bates' responsibility for the collision from which this case arose, we find that the exclusion of this deposition, properly identified and offered in court by counsel for Phillips, constituted reversible error.

■ In ground 5 of the defendant Phillips' amended motion for new trial she claims that the $7,500 joint verdict returned against the three defendants is grossly excessive. We see no useful purpose to be served in belaboring the question in this case as we consider it to be controlled adversely to the movant by the holding in *Atlanta Metallic Casket Co. v. Hollingsworth,* 107 Ga. App. 594, 596 (1) (131 SE2d 61), and by a host of other cases decided by our appellate courts.

■ Grounds 6, 7, and 8 of Phillips' amended motion for new trial complain in some degree because the trial court repeated petitioner's contention from paragraph 35 (c) that Phillips failed to reduce the speed of her automobile as it entered the intersection where the accident occurred, as required by law, and then charged the jury that violation of *Code Ann.* § 68-1626 (a) and (c) was negligence per se: "a. No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway, in compliance with legal requirements and the duty of all persons to use due care. . .

"c. The driver of every vehicle shall, consistent with the requirements of subdivision (a), drive at an appropriate reduced speed when approaching and crossing an intersection."

Defendant Phillips, unlike Bates and the Transit Company, did not contend that *Code Ann.* § 68-1626 was inapplicable to the Ford automobile she drove. In ground 6, however, she averred that the trial court committed harmful error in refusing to give in addition, for clarification, a requested charge to the effect that a motorist who is *already* travelling at an appro-

priately reduced speed is not required by *Code Ann.* § 68-1626 to reduce his speed further when approaching and crossing an intersection. *Hardwick v. Georgia Power Co.,* 100 Ga. App. 38 (110 SE2d 24). Defendant Phillips contends that the failure to give the requested charge led the jury to think that her failure to put on brakes as she entered the intersection was negligence per se.

In the case before us, defendant Phillips was by her own admission driving between 30 and 35 miles per hour when the accident occurred. Counsel stipulated that the maximum speed limit fixed by ordinance of the City of Atlanta, Georgia, was 30 miles per hour. "The operation of an automobile at a rate of speed in excess of that prescribed by a valid municipal ordinance is negligence per se." *O'Dowd v. Newnham,* 13 Ga. App. 220, 221 (8) (80 SE 36). Without deciding on the other essentials of ground 6 if raised on the basis of a different record, we find that defendant Phillips is not in position to argue that the maximum legal limit is "an appropriately reduced speed," as her requested charge is not supported by the evidence.

Grounds 7 and 8 contend that the jury was misled by the trial court's charging plaintiff's contention followed by a charge on *Code Ann.* § 68-1626 (a) and (c) ; these grounds have no merit.

■ Defendant Phillips did not argue in her brief her general and special demurrers and the assignments of error as to them are deemed abandoned.

*Judgment denying a new trial to the defendants Atlanta Transit Company and Bates in case No. 40432 reversed for the reasons stated in Divisions 1 and 2 of the opinion. Judgment denying a new trial to the defendant Phillips in case No. 40418 reversed for the reasons stated in Division 8 of the opinion. Hall and Pannell, JJ., concur.*