28048. TILLMAN *v.* THE STATE.

DECIDED FEBRUARY 20, 1940.

P. M. Anderson, for plaintiff in error.

Ralph L. Dawson, solicitor-general, H. H. Durrence, J. P. Dukes, contra.

GUERRY, J. The defendant was convicted of involuntary man-

slaughter in the commission of an unlawful act. The State's evidence tended to show that he was under the influence of whisky and was driving on the wrong side of the road. He denied this, and also denied that he was driving the car at the time of the collision with the car in which the deceased was riding. There was evidence that shortly before the wreck occurred the defendant was driving the car in the direction of the place where the wreck occurred, and that immediately after the wreck he was found hanging out of the car on the driver's side with his head on the ground in a semi-conscious condition. His feet were under the clutch and brake pedals inside the car. The other occupant of the car was lying on the seat with his head under the steering wheel and his feet on the seat. The defendant stated the same night that he was driving the car, but in his statement to the jury he attempted to explain his previous statement by saying he had made it to protect the other person who was in the car with him at the time.

Error is assigned because a witness who had testified as to the position of the defendant's body in the car immediately after the wreck was allowed to give his inference, drawn from what he saw of the position of the bodies of the two men in the car immediately after the wreck, as to who had been driving the car. He stated that in his opinion the defendant had been driving. This question was asked by the State after the defendant's counsel had asked the witness if it was possible to tell who was driving and he had replied that it was not. "Where a nonexpert witness has observed the matter in issue, and from the nature of the circumstances he can not adequately state or recite the data so fully and accurately as to put the jury completely in the witness's place and enable them to equally well draw the inference, it is allowable for the witness to give his inference, in connection with the facts upon which it is predicated." *Nunn* v. *State,* 143 *Ga.* 451, 453 (85 S. E. 346) ; *Taylor* v. *State,* 135 *Ga.* 622 (70 S. E. 237). Under the circumstances detailed we do not think it was error to allow the witness to give his inference. Moreover, we think that the alleged error, if it existed, was harmless where it is shown that the defendant himself had stated that he was the driver, although in his statement to the jury he denied that he was the driver.

The assignment of error in respect to an abstract principle of law, given in charge to the jury, concerning the duty of a driver

to travel on the right side of the road, is not meritorious for the reason that the court expressly charged that unless the driver was driving on the left side of the road at the time of the collision with the other car he would not be guilty. The court expressly charged that unless the jury found "that the performance of the unlawful act was the proximate cause of the cars going together" they would not be authorized to convict.

The evidence supported the verdict and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*