19386. VAUGHAN v. VAUGHAN.

SUBMITTED JUNE 12, 1956—DECIDED JULY 10, 1956.

*Jefferson L. Davis, J. R. Cullens, Wood & Tallant, Pittman & Greene,* for plaintiff in error.

*Beverly Langford, Ingram & Tull,* contra.

DUCKWORTH, Chief Justice. ■ The second amended ground of the motion for new trial is based upon a failure to charge a timely written request in the exact language of that request. The requested charge was: "A parol contract upon which specific performance is sought must be certain, definite and clear, and so precise in its terms that neither party can reasonably misunderstand it." And the charge as actually given was identical with the request except it substituted the word "should" for the word "must," which was contained in the request. In *Werk* v. *Big Bunker Hill Mining Corp.,* 193 *Ga.* 217 (17 S. E. 2d 825), Mr. Justice Grice put forth great effort to demonstrate which of the line of conflicting decisions of this court should be followed. He pointed out that decisions, including *Long* v. *State,* 12 *Ga.* 293, which antedated the 1854 act (Ga.L. 1853-54, p. 46), now Code § 70-207, had been erroneously followed in numerous cases. While there were two dissents in that case, it seems to this writer that, on a matter so vital to all concerned in the trial of a case, this court should settle it beyond doubt. Since the statute provides that a new trial may be granted when the judge refuses to give a pertinent legal charge in the language requested when such charge is submitted in writing, there is no legal basis or justification for the judiciary to refuse to grant a new trial in case of a failure to charge when thus requested, for there is no basis in the statute for asserting that a charge, in substance though not in the language of the request, is sufficient. Here we have the legislature on February 20, 1854, enacting a law requiring that a sound applicable written request be given "in

the language requested," after this court had, at the October term, 1852, ruled in *Long* v. *State,* supra, that the judge may use his own rather than the requested language if it was substantially the same. It is too obvious to admit of doubt that the legislature sought, by the 1854 act, to prevent precisely what had been approved in *Long* v. *State.* The legislature and not this court can constitutionally enact the law. Nullification is no less offensive to the Constitution than plain refusal to obey that law. This court by unanimous decision in *Randall* v. *State,* 210 *Ga.* 435 (80 S. E. 2d 695), followed the statute, Code § 70-207, and the decisions in *Werk* v. *Big Bunker Hill Mining Corp.,* supra, and *Summer* v. *Boyd,* 208 *Ga.* 207 (66 S. E. 2d 51).

Therefore, failure to charge in the language requested demands a reversal. This case underlines the importance of the rule we follow, for here the judge substituted the word "should" for the requested word "must" and any layman can see the difference in meaning and possible hurtful consequence of such charge. The request was pertinent and was sound law, and it was error to fail to charge precisely as requested.

■ Extended argument is made in support of the other grounds, both special and general. We do not feel that these grounds have enough merit to warrant extended discussion of them. The charge on burden of proof is, at least, confusing if not erroneous. For the defendant who assumed the burden to be entitled to a verdict, it was incumbent upon him to prove all features of his defense by a preponderance of the evidence. But the portion of that defense resting upon a parol contract for the purchase of land required proof of the contract to a moral and reasonable certainty or beyond a reasonable doubt. *Mickle* v. *Moore,* 193 *Ga.* 150 (17 S. E. 2d 728); *Salmon* v. *McCrary,* 197 *Ga.* 281 (29 S. E. 2d 58). The long excerpt from the charge gave these two rules in conformity with the law, but repeated them over and over, and was in this respect confusing. Upon another trial, one clear statement of these rules will avoid possible confusion, and the charge should be in that manner.

There is no merit in any of the other special grounds; and since the evidence was enough to authorize the verdict, there is no merit in the general grounds. The judgment is reversed because of the failure to charge a written request, which was

sound law and applicable to the case, in the language requested.

*Judgment reversed. All the Justices concur. Wyatt, P.J., concurs in the judgment, but not in all that is said in the opinion.*