36584.   FAIRCLOTH *v.* THE STATE.

CARLISLE, J. 1. Where, upon the trial of one charged with involuntary manslaughter in killing another in the commission of an unlawful act, to wit, in driving a motor vehicle while under the influence of intoxicants and upon the wrong side of the highway, the defendant's major defense is that he was not driving the automobile at the time in question, and the evidence is in sharp conflict as to who was in fact driving, it is error requiring the grant of a new trial for the trial court to refuse to permit a physician, a witness for the State, who had attended many victims of automobile accidents and observed the difference in the nature of the injuries sustained by those persons driving at the time of the accidents and those riding

as passengers, to testify on cross-examination, that, based upon the nature of the injuries sustained by the defendant, it was his opinion that the defendant was not driving the automobile at the time of the collision which caused the death of the person with whose death the defendant is charged. Upon the trial of criminal cases, the defendant is entitled to a thorough and sifting cross-examination of the State's witnesses (Code § 38-1705), and this right should not be abridged (*Ledford* v. *State*, 89 *Ga. App.* 683, 80 S. E. 2d 828, and citations) ; and, a witness for the State, on cross-examination, may, after having stated the facts upon which his opinion is based, give his opinion that the defendant was not driving the automobile at the time of the collision in question. See in this connection *Park* v. *State*, 82 *Ga. App.* 556 (61 S. E. 2d 689), and citations; *Davis* v. *State*, 153 *Ga.* 669 (113 S. E. 11). We think, consequently, that the defendant's right of cross-examination was unreasonably abridged and that the trial court erred in overruling the ground of the motion for a new trial based upon such abridgement.

2. As the case must be remanded for another trial, the remaining assignments of error contained in the motion for a new trial, being of such nature as not likely to recur on another trial, are not passed upon.

*Judgment reversed.  Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 28, 1957.

*Cain & Smith,* for plaintiff in error.
*Maston O'Neal, Solicitor-General,* contra.