20451. DOWNS *et al.* v. POWELL.

CANDLER, Justice. Mrs. Helen Mize Powell instituted this litigation in Floyd Superior Court against J. A. Downs, Sr., Ada Lee Downs, J. A. Downs, Jr., Ralph Downs, Doris D. Trotter, and H. L. Holland. She prayed for a judgment against J. A. Downs, Sr., for $25,000 as damages she had sustained because of the death of her five-year-old daughter, which, as she alleged, resulted solely and directly from his negligence. The first 26 paragraphs of her petition as amended allege facts purporting to set out her cause of action for a money judgment against J. A. Downs, Sr., and those allegations are in substance as follows: On October 11, 1957, her husband rented certain premises in Floyd County from him for $30 per month. There was a well under the back porch of the rented house about four to five feet in diameter and twenty feet deep. It was covered with rotten or decayed boards, a layer of dirt, and some grass and weeds. He knew the well was there when he rented the premises to her husband; that it was improperly and insecurely covered; that it was a latent defect in the premises; and that it was a defect in the premises about which the plaintiff and her husband had no knowledge until after her child was drowned. The porch was not underpinned and was high enough from the ground for a small

child to crawl under it. Though he had knowledge of the existence of the well, of its location under the porch, and of its dangerous condition, he failed to warn or notify her husband, as his tenant, or the petitioner of those facts, knowing at the time that they had several small children. Eleven days after they moved to the premises, her five-year-old daughter, while playing in the yard crawled under the porch, onto the covering over the well, and when the rotten or decayed boards broke, fell in it and was drowned, her body being found therein a few hours later during the same day. The remaining paragraphs of the petition as amended allege: Soon after the petitioner's child was drowned and after J. A. Downs, Sr., had been notified of the incident and after he had visited and inspected the rented premises, he made and had recorded separate deeds for described realty to the other defendants—his wife, children, and son-in-law, respectively. The deed to his son, J. A. Downs, Jr., recited a consideration of $1,325; the one to H. L. Holland, his son-in-law, recited a consideration of $3,500; and each of the others stated a consideration of $10 and other valuable considerations. The amended petition also alleges: that the aforementioned deeds were made for the fraudulent and sole purpose of preventing the petitioner from collecting any judgment for damages she might obtain against the defendant J. A. Downs, Sr., for the death of her child; and that said deeds are null and void insofar as they affect her right to collect any judgment she may recover in this case against J. A. Downs, Sr. There was no demurrer to the original petition or to it as amended. On the trial the jury returned a verdict in favor of the plaintiff and against the defendant J. A. Downs, Sr., for $6,500, and that the several deeds which he executed to the other defendants were null and void insofar as they affect her right to subject the property thereby conveyed to the satisfaction of her money judgment. The defendants moved for a new trial on the usual general grounds, later amended their motion by adding three other grounds and excepted to a judgment denying their amended motion. *Held:*

1. A landlord is liable for injuries to his tenant arising from latent defects unknown to the tenant, existing at the time of the lease, provided the landlord actually knew, or in the exercise of ordinary care on his part might have known, of their existence; and, respecting injuries thus sustained by a mem-

ber of the tenant's family, the same rule applies. *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578) ; *Oglesby* v. *Rutledge,* 67 *Ga. App.* 656 (21 S. E. 2d 497) ; *Turner* v. *Dempsey,* 36 *Ga. App.* 44 (135 S. E. 220). Since the allegations of the amended petition are amply supported by competent evidence, the general grounds of the motion for new trial insofar as they relate only to the money verdict against the defendant J. A. Downs, Sr., do not require the grant of a new trial.

2. A voluntary deed made by a debtor may be set aside by his creditor, if the debtor was insolvent when the deed was executed, or was thereby rendered insolvent. Code (Ann.) § 28-201; *Cunningham* v. *Avakian,* 192 *Ga.* 391 (2) (15 S. E. 2d 493). A mother whose minor child has been killed by the negligent tortious act of another person is within the protection of Code (Ann.) § 28-201, and may proceed in one action against the tortfeasor and the grantee in such voluntary deed, to obtain (1) a judgment for damages against the tortfeasor for the negligent tortious homicide of her child; and (2) a decree adjudging null and void as to her conveyances of real and personal property executed by the defendant tortfeasor subsequently to the commission of the tort. *McVeigh* v. *Harrison,* 185 *Ga.* 121 (194 S. E. 208). In this case the evidence shows without dispute and it is admitted in the brief for the plaintiff in error that the defendant J. A. Downs, Sr., subsequently to the death of the plaintiff's child executed and delivered separate deeds conveying all of his property of every kind and character to his wife, children, and son-in-law. Respecting these conveyances, the defendant J. A. Downs, Sr., testified that the deeds were without consideration; that they conveyed all of the property he owned; and that they were made by him in lieu of a will which he later expected to make. In these circumstances, the deeds so made were null and void as to the plaintiff, and the verdict returned by the jury respecting this issue was demanded by the evidence.

3. Special ground one of the motion complains about the refusal of the court to charge the following timely made written request: "I charge you that the plaintiff must recover, if at all, upon the strength of the allegations in her petition as amended and this petition as amended constitutes the contentions of the plaintiff. If you find from the evidence that the minor child was killed as a result of falling through the top of the well as a result of a board breaking due to defective knots in

the timber, and not from decay, then the plaintiff could not recover im this case and you should find a verdict in favor of the defendant if you so find." We do not think the court erred in failing to charge this request. A request to charge must be correct and even perfect; otherwise a refusal to give it is not error. *Lewis* v. *State*, 196 *Ga.* 755 (27 S. E. 2d 659); *Gordy* v. *Dunwody*, 210 *Ga.* 810 (83 S. E. 2d 7). It must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence. The defendants offered evidence which would have authorized the jury to find that the plaintiff's child fell in the well and was drowned while crawling over it because one of the boards covering it was a defective board due to knots. The court, however, was requested to charge the jury that the plaintiff could not recover and they should find for the defendants if they found from the evidence that the child was killed when she fell in the well as a result of a board breaking due to "defective knots" in the timber. Hence, the requested charge was neither precisely perfect nor adjusted to the defendant's evidence respecting this issue.

4. Special ground two of the motion alleges that the court erred in refusing to charge the following timely made written request: "Gentlemen, I charge you that where the owner of land is without actual knowledge of the existence of a defect, and there is nothing in the appearance or character of the premises or some instrumentality on the premises which would indicate the possible or probable existence of any defects, there is no reason to think an inspection necessary, and ordinary diligence would not require an inspection of the premises or any instrumentality upon the premises before permitting an *inditee* to make use of the same." As pointed out in the preceding division, a request to charge must be technically perfect, and since this request obviously did not meet that requirement, the trial judge did not err in refusing to give it in charge to the jury. The use of the word "inditee" instead of the word "invitee" may have been and possibly was a typographical error; but had it been given in the exact language requested, as we have held it must be, it would have been an erroneous instruction. See *Vaughan* v. *Vaughan*, 212 *Ga.* 485 (1) (93 S. E. 2d 743).

5. The remaining special ground alleges that the court erred in refusing to permit a named attorney to answer the follow-

ing question which was asked him on direct examination by the defendants' counsel: "I ask you whether or not you drafted a will or deeds for Mr. Downs, Sr.?" On objection thereto, the court refused to permit the witness to answer the question. No error resulted from this ruling. The defendant Mr. Downs, Sr., as a witness in his own behalf, had already testified that he conveyed all of his realty to named relatives by voluntary deeds which rendered him wholly insolvent after the cause of action declared on by the plaintiff arose, and that he made them in lieu of a will on the advice of his attorney.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1959—DECIDED MAY 8, 1959.

*Cook & Palmour, Bobby Lee Cook, Robert L. Scoggin,* for plaintiffs in error.

*John A. Frazier, Jr., Harl C. Duffey, Jr.,* contra.