40058.  BIBB TRANSIT COMPANY v. JOHNSON.

HALL, Judge.  This is a wrongful death action in which the plaintiff alleged that the defendant's bus, negligently driven, struck and killed her husband as it turned right where he was crossing the street in a marked cross walk on a green light. The plaintiff (defendant in error) was awarded a verdict and judgment of $7,500.  The defendant (plaintiff in error) assigns error on the overruling of its amended motion for new trial.  *Held:*

1. The trial court charged on *Code Ann.* § 68-1613 (a), subparagraphs 1 and 2, concerning the right of way, as between vehicles and pedestrians, at controlled intersections and adjacent cross walks.  The court charged specifically that a certain portion of the Code section would not be applicable if the jury made certain findings of fact favorable to the defendant, but would be applicable if they made findings of fact favorable to the plaintiff.  Ground C of the motion for new trial complains of the trial court's refusal to charge the applicable provisions of *Code Ann.* § 68-1613 in the language of the defendant's written request, which eliminated certain words of the statute contended by the defendant to be inapplicable. In ground D the defendant assigns error on the trial court's failure to give in its exact language its written request to charge substantially the same thing the trial court stated in applying a portion of this Code section to the evidence.  The trial court's charge as given was fuller and better than this written request.  However, both of the requests were legal and adjusted to a distinct matter in issue.  The trial court's charge was not in the exact language of the requests, and that is the precise issue raised by the defendant's assignments of error.[1]

---

[1]*Griffith v. Newman,* 217 Ga. 533, 540 (123 SE2d 723) ; and *Butler v. Reville,* 107 Ga. App. 345 (2) (130 SE2d 161), were cases in which the plaintiff in error failed to raise the question properly.

Unfortunately, the law in Georgia is that it is reversible error for a trial judge to refuse to give a pertinent legal charge in the language requested even though the propositions therein stated are substantially and correctly covered by the general charge of the court. *Vaughan v. Vaughan*, 212 Ga. 485 (1) (93 SE2d 743). The rule of common law, in the Federal Courts, and in practically all our states is to the contrary. 88 CJS 1088-1098, § 399; 53 Am. Jur. 424, § 527. "The reason for the [common law as distinguished from the Georgia] rule is, that as the object of giving instructions at all is to give the jury a clear and concise statement of the law applicable to the facts of the case they are about to consider, a duplication of instructions, or a multiplication thereof, as would frequently result if all the instructions requested by counsel were granted, would have a tendency to mislead or greatly confuse, rather than guide, the jury in their deliberations, and thus frustrate the very object for which the instructions are given." 88 CJS 1090-1092, § 399. Georgia followed the common law rule until 1854. *Long v. State*, 12 Ga. 293; *Vaughan v. Vaughan*, 212 Ga. 485, 486, supra. However, in many states, including Georgia (Ga. L. 1853-54, p. 46), in the mid-nineteenth century ". . . the chief powers of the common-law trial judge were taken away from him by legislation during the equalitarian and antiprofessional revolt. . ." Vanderbilt, Modern Procedure and Judicial Administration, 1244. As a consequence the court's so-called charge is really not the charge of the trial judge. The destruction of the common-law power of the trial judge ". . . leads counsel to forget that they are officers of the court and to deal with the rules of law and procedure exactly as the professional football coach with the rules of the sport. It leads to exertion to 'get error into the record' rather than to dispose of the controversy finally and upon its merits." Pound, The Causes of Popular Dissatisfaction with the Administration of Justice, 29 A.B.A. Rep. 395. The answer is to restore the common-law power of the trial judge so that he will become once again the presiding officer of the trial guarding rights and the majesty of the law, rather than an umpire bound in the chains of archaic procedures. Regardless of the view of this court, however, "the decisions of the Supreme Court of Georgia interpreting *Code Ann.* § 70-207 are binding on this court as precedents and any remedy in this regard lies before that court or in the

branch of our government that enacted the Code section." *Globe Motors, Inc. v. Noonan,* 106 Ga. App. 486, 488 (127 SE2d 320).

The trial court erred in overruling special grounds C and D of the motion for new trial.

2. The trial court did not err in refusing to give in their exact language or in substance the defendant's written requests set forth in grounds A and B. These requests would have instructed the jury to find a verdict for the defendant in the event they found certain facts contrary to the plaintiff's contentions. There was evidence to support some of the plaintiff's allegations of negligence. The requests were imperfect in instructing a verdict for the defendant upon the findings mentioned in the requests alone, without findings adverse to the plaintiff on all the issues of negligence; and further, one of the findings mentioned in the request—that the "right front portion" of the bus did not strike the deceased— was not authorized even if the jury believed the defendant's evidence. "A request to charge must be correct and even perfect; otherwise a refusal to give it is not error." *Downs v. Powell,* 215 Ga. 62, 65 (108 SE2d 715); *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 166 (121 SE2d 388).

3. The excerpts from the charge on portions of *Code Ann.* § 68-1613, complained of in grounds E and F, when considered in connection with the whole charge, which was full and fair to both parties, would not mislead or confuse an intelligent jury as contended by the defendant. Ground G contends that the court's instructions on the use of mortality and annuity tables, which came at the end of the charge and was lengthy, unduly emphasized the question of damages and amounted to an expression of opinion as to the deceased's age, earning capacity, and life expectancy. A reading of the seven pages of instructions complained of refutes this contention. However, we suggest, to avoid contention of error upon another trial, that in illustrating the use of the mortality and annuity tables the court use arbitrary figures rather than figures in evidence as to age and earning capacity. Grounds E, F and G show no reversible error. *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 160, supra; *Purdy v. Quinn,* 104 Ga. App. 385 (121 SE2d 699); *Homasote Co. v. Stanley,* 104 Ga. App. 636, 639 (122 SE2d 523); *Underwood*

*v. Atlanta &c. R. Co.*, 105 Ga. App. 340, 357 (124 SE2d 758). Since the evidence authorized the verdict the overruling of the general grounds of the motion for new trial was not error.

*Judgment reversed. Carlisle, P. J., and Bell, J., concur.*

DECIDED MAY 8, 1963—REHEARING DENIED MAY 22, 1963.

*Miller, Miller & Miller, Wallace Miller, Jr.*, for plaintiff in error.

*T. Arnold Jacobs, Jack J. Gautier*, contra.