41116. GRASHAM v. SOUTHERN RAILWAY COMPANY.

DECIDED JANUARY 26, 1965—REHEARING DENIED
FEBRUARY 8, 1965.

*Covington, Kilpatrick, Storey & Fredericks, Carl Fredericks,*
for plaintiff in error.

*Matthews, Maddox, Walton & Smith, John W. Maddox,* contra.

EBERHARDT, Judge. ■ Headnote 1, dealing with the general grounds, and Headnote 2, concerning special ground 4, need no elaboration.

■ Plaintiff served defendant with interrogatories under *Code Ann.* § 38-2109 (b) seeking certain information and the discovery of written statements which the defendant may have obtained from members of the train crew who were on the train involved in the collision. Defendant filed objections to the interrogatories, which were overruled after a hearing. However, the time for producing the statements, etc. for inspecting and copying was extended by the court until the day before trial and error is assigned in the amended motion for new trial upon this granting of the delay.

The rulings upon the objections to the interrogatories and the order extending time for making answer or for producing state-

160

ments, etc., for inspection and copying are rulings of an interlocutory nature, made antecedent to the trial, somewhat in the nature of rulings on special demurrers, pleas in bar or abatement, the allowing or disallowing of an amendment, etc., which are not reviewable in a motion for new trial. *Callaway v. Hopkinsville Milling Co.*, 43 Ga. App. 81 (1) (157 SE 900). If error is to be assigned on these rulings it should be done directly in the bill of exceptions.

■ In the selection of the jurors one of them answered on the voir dire that he was of the opinion that a train had the right of way over vehicular traffic on a public road at a crossing. Plaintiff moved the court to exclude the juror for cause on the ground that he had formed an erroneous opinion of the law as it affected matters ultimately to be passed upon by the jury trying the case. The motion was denied and plaintiff excepts.

■ It did not appear that the juror had a firm or fixed opinion which he was unwilling to yield to the appropriate instruction of the court concerning the law. He was sworn to render a verdict, without favor or affection to either party, based upon the opinion that he entertained of the *evidence* and according to the *law as given in charge. Code* § 59-706. No disqualification appears.

■ Moreover, it appears from this ground of the motion that the plaintiff struck the juror peremptorily. He was not upon the panel accepted to try the case and render a verdict. Plaintiff urges that the refusal of the court to excuse the juror for cause made it necessary for him to use one of his six strikes in removing the juror from the panel, but nothing appears to demonstrate that this resulted in leaving on the jury any individual who was not impartial or for any reason not qualified. Instead, it would seem that plaintiff by use of the voir dire was able to use his strike to remove a juror whom, though not unqualified, he preferred not to have on the jury. The function of the voir dire was served. No harm appears.

■ Error is assigned upon the court's excusing of a juror who, upon voir dire, stated that he was of the opinion that a railroad should have a signal light or some sort of warning at all crossings so that approaching traffic might be apprised of

the presence of a train at or near the crossing. Another juror was substituted on the panel.

While this action on the part of the court was inconsistent with the ruling which it had just made (for it can equally be said that this juror was qualified), again no harm appears. A party to a lawsuit has no vested interest in having any particular juror to serve; he is entitled only to a legal and impartial jury. The erroneous allowing of a challenge for cause affords no ground of complaint if a competent and unbiased jury is finally selected. Burt v. Panjaud, 99 U. S. 180 (25 LE 451); Northern P. R. Co. v. Herbert, 116 U. S. 642 (6 SC 590, 29 LE 755). And see 31 Am. Jur. 132, Jury, § 152.

■ Photographs of the crossing and its immediate environs made six days after the accident were admitted over objection that they were made during the daylight hours of the day while the accident had occurred just prior to midnight and that they did not truly and correctly portray the situation as it appeared at the time of the accident. The photographer who made them testified that except for the daylight-dark situations the conditions existing at the crossing and in the environs shown in the pictures were substantially the same as at the time of the accident. He had seen the crossing on the morning immediately following the accident. The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be controlled unless abused. *McKinney v. Pitts,* 109 Ga. App. 866 (4) (137 SE2d 571). And see *Toler v. State,* 213 Ga. 12 (2) (96 SE2d 593); *City of Thomasville v. Crowell,* 22 Ga. App. 383 (4) (96 SE 335). The pictures here should bear a closer relation to the true situation at the time of the accident than was the case in *Coffee County v. Denton,* 64 Ga. App. 368, 372 (13 SE2d 209) where they were made nearly three years after the time of the accident—and were admitted. And see *Georgia Power Co. v. Gillespie,* 48 Ga. App. 688 (173 SE 755). We find no error in the admission of the pictures.

■ In special ground 6 error is assigned upon a portion of the charge that "The plaintiff says that he was at all times

in the exercise of ordinary care, and that he was not negligent in the matter at all, but that the defendant, Southern Railway Company, says that he was negligent and that if he suffered any injury or loss that it was the result of his own negligence."

The complaint is that the charge asserts that "the *plaintiff says . . . that the defendant says* that he [plaintiff] was negligent, etc." that nowhere in his petition or his evidence has the plaintiff made any such assertion, and consequently the charge is not adjusted to either the pleadings or the evidence.

The inclusion of the word "that" following the word "but" was apparently a slip of the tongue. What was obviously intended was a charge that "The plaintiff says that he was at all times in the exercise of ordinary care, and that he was not negligent in the matter at all, *but the defendant, Southern Railway Company, says* that he was negligent, etc." in conformity with the pleadings and consistent with a previous outline of the contentions as reflected in them. Giving consideration to the charge as a whole we can not see how there could have been any misunderstanding or confusion on the part of the jury as to what the judge was telling them relative to the contentions. *Rogers, Cassels & Fleming v. Bennett,* 19 Ga. App. 520 (3) (91 SE 917). This ground shows no error.

■ In special ground 7 error is assigned upon a portion of the charge that "the defendant contends in its argument that Mr. Grasham violated this provision" of *Code Ann.* § 68-1626, the ground being that the argument of counsel for neither side is the proper basis for the statement of a legal principle in charging the jury. A review of the evidence discloses that the contention was raised there, and it was raised by paragraph 8 of the defendant's answer. We have no doubt that defendant's counsel urged it in their argument, for they were authorized to do so. Since an argument urging this contention was supported both by the evidence and the pleadings there was no error in stating that the contention was made in the argument and charging the law as to it.

■ We find no error in the complaint that the court repeated portions of its charge (at other places in the charge) as contended in special grounds 8, 9 and 10. It is not contended that

these portions of the charge were in any way incorrect; only that the repeating of the principles had the effect of over-stressing the defendant's contentions.

While some of the repetition might have been avoided, it does not appear likely that the jury was in anywise misled or wrongfully influenced by it. The repetitions were relatively brief in a charge that was long—filling some 25 pages in the record—and when the instances are read in context with what was charged before or after they are seen to be appropriate. Harmful error does not appear. See *Dixie Mfg. Co. v. Ricks,* 30 Ga. App. 433 (4) (118 SE 452); *Richards v. Harpe,* 42 Ga. App. 123, 126 (155 SE 85).

Some of the repetitions were occasioned in the reading of requests to charge which had been properly submitted, correctly stating principles, apt, adjusted to the pleadings and the evidence, the denial of which would have been error. This situation arises frequently because of the ruling in *Vaughan v. Vaughan,* 212 Ga. 485 (1) (93 SE2d 743) and other similar cases that failure to give a proper request in its exact language is error, and this in spite of the fact that the principle of the request may have been fully covered in the general charge. *Code Ann.* § 70-207 had been otherwise interpreted. See the discussion in *Werk v. Big Bunker Hill Mining Corp.,* 193 Ga. 217, 225 (4) (17 SE2d 825). Thus, if it be confusing or misleading to the jury to give duplication or multiplication of instructions, this rule makes it error not to do so. See a discussion of the problem in *Bibb Transit Co. v. Johnson,* 107 Ga. App. 804 (1) (131 SE2d 631). An amendment of the Code section deleting the "exact language" requirement would enable the court to avoid much repetition and deliver a more coherent, intelligible and understandable charge giving better assistance to the jury in arriving at a verdict. But that is a matter that addresses itself to the General Assembly. Until the Code section, or the interpretation of it by the Supreme Court,[1] is changed a trial judge is impaled on

---

[1] Apparently there has been no constitutional attack on the "exact language" requirement; however, on the basis of *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32) it would appear that an attack, if made, should eliminate this problem.

164

the horns of the dilemma of whether to commit error by denying requests or giving them and over-stressing the contentions of the party. In making requests counsel would do well to bear in mind the possibility of forcing the judge to do that which may destroy the verdict that he expects to obtain—even though the requests be otherwise proper and correct.[2]

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*

---

[2]Since this opinion was written the Appellate Practice Act of 1965 was adopted by the General Assembly (Ga. L. 1965, p. 18), repealing *Code* § 70-207 by Sec. 21 (p) thereof.