### 42975. CRANE et al. v. DOOLITTLE et al.

DEEN, Judge. 1. When this case was here before (*Crane v. Doolittle,* 115 Ga. App. 309 (154 SE2d 634)) it was held that there was evidence to support a verdict against Veterans Cab Company and Crane, the driver of the taxicab in which plaintiff was riding, because Woods, the driver of the car with which the taxi collided, testified that "he was stopped in his own lane of traffic when the taxi came over and hit him." It appeared that Wood had intended to make a left turn into a service station on the opposite side of the road, necessitating his cutting across Crane's line of traffic, that he was stopped waiting for an opportunity to turn, that Crane was operating his taxi in the extreme right hand or curb lane, and that the taxi then cut over and hit him while his vehicle was stationary. Wood testified to the same facts on the second trial, except that he estimated Crane's speed to be about 60 miles per hour in a 30-mile zone, and he also admitted that the left front of his automobile might have been slightly across the center line. Visibility, however, was good in spite of the fact that it was raining; both parties agreed that Crane was approaching in the curb lane (where he could not have struck the other automobile), and Wood did not alter his

testimony to the effect that he was stationary when the taxicab hit his vehicle in another lane of traffic. Some corroboration of this conclusion is found in the testimony of the police officer who examined the scene of the collision that chrome, glass and debris were found in the inside or center lane in the westerly direction in which the taxicab was traveling. This might well constitute at least slight negligence as against the plaintiff, a fare-paying passenger in a taxicab, regardless of whether the point of impact was slightly to the right or left of the center line of the street, if the jury took the view, as they were authorized to do, that the Wood vehicle was completely stopped, and that the taxi changed lanes although there was no traffic or other emergency making this necessary. The trial court properly denied the motion for directed verdict.

2. Code § 38-402 provides: "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." The court's instruction that the pleadings are not evidence nor are they to be accepted as true except to the extent they are admitted by the opposite party to be true is a correct statement of the law. Had counsel wished an instruction directed with more particularity to the rule that a party is precluded from disputing the truth of allegations contained in his pleadings (see *Armour v. Lunsford*, 192 Ga. 598 (15 SE2d 886)) he should have requested further instructions to this effect. "In absence of a proper request, a trial court does not err in failing to instruct the jury specifically that various portions of the opposite party's pleadings should be considered by the jury as admissions against that party." *Ga. Power Co. v. Rabun*, 111 Ga. App. 63 (3) (140 SE2d 568). Counsel did object to the instruction given by pointing out that allegations in the plaintiff's petition are admissions without regard to whether they are admitted in the answer, but he did not specify any particular allegations which he contended were admissions in his favor. The objection to the instruction generally as error was without merit, and specifically as applied to the evidence it failed to raise the point now contended for, which is that the plaintiff, having alleged the vehicle of the defendant Wood was in motion at the instant of impact is thereby precluded from benefiting by a state of facts shown by some of the defendants' testimony to exist to the effect that the Wood ve-

574

hicle was not in motion and was struck by the taxi. Had such objection been made at the time of trial, the plaintiff could of course have amended to conform to the proof. *Fuller v. Still*, 79 Ga. App. 803 (54 SE2d 698).

3. At one point in their deliberations the jury indicated it was deadlocked, whereupon the court remarked: "The first responsibility of a juror is to agree only to a verdict which he in good conscience can accept as his own. . . Nevertheless, it is your duty to the county, the parties and to the public generally that there should be a determination of litigation, and I would therefore urge you to go back to the jury room and to reason together, review together the evidence, and to make every possible effort to arrive at a verdict which each of you in good conscience can subscribe to as your own . . . no jury would be better qualified to settle (this case) than the jury that is now empaneled. . . I am going to ask you, therefore, to resume your deliberations and continue further to make an effort to arrive at a verdict that you gentlemen in good conscience can accept and subscribe to as your own." It has frequently been pointed out that courts should not urge the expense of a mistrial as a reason for arriving at a verdict. *Taylor v. Murray*, 102 Ga. App. 145 (115 SE2d 776). Nevertheless, under the precedents of this State, the remarks here are not cause for reversal. See *Roper v. Holbrook*, 77 Ga. App. 686 (49 SE2d 558); *Davis v. Terrell*, 70 Ga. App. 478 (28 SE2d 590); *Arkansas Fuel Oil Co. v. Andrews Point Co.*, 64 Ga. App. 595 (13 SE2d 738); *Kerns v. Crawford*, 51 Ga. App. 158 (179 SE 854); *Davis v. Frederick*, 155 Ga. 809 (118 SE 206); *Gambo v. F. M. Dugas & Son*, 145 Ga. 614 (89 SE 679); *Wooten v. Solomon*, 139 Ga. 433 (77 SE 375); *Southern R. Co. v. Fleming*, 128 Ga. 241 (57 SE 481); *Parker v. Ga. Pacific R. Co.*, 83 Ga. 539 (10 SE 233, 10 AC 921).

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 11, 1967—DECIDED OCTOBER 6, 1967— REHEARING DENIED NOVEMBER 1, 1967.

Action for damages. Clarke Superior Court. Before Judge Barrow.

*Erwin, Birchmore & Epting, Eugene A. Epting,* for appellants. *Grady C. Pittard, Jr., Joseph J. Gaines,* for appellees.