51272. GROSSMAN et al. v. GLASS et al.

EVANS, Judge.

Joseph H. Glass was a recognized specialist in an organization that leased, managed and operated discount stores. He contracted with Herman and Philip Grossman to build, operate and manage a discount store on property under the control of the Grossmans in Warner Robins, Georgia. Glass was to be transferred certain stock in the corporation which would be held in escrow pending the happening of certain events. A corporation was to buy the land from the Grossmans, which land would later be transferred to the discount store corporation. Glass was

employed as the general manager, covenanting not to compete with the corporation in this trade area within two years in the event his employment terminated voluntarily or for good cause. Subsequent to the above agreement, they created other corporations, purchased land and opened a second discount store in Milledgeville, Georgia. Thereafter the Grossmans, as controlling stockholders in the two operating companies, discharged Glass for various alleged acts of mismanagement and malfeasance.

Glass, as plaintiff, sued the Grossmans and contended that their illegal mismanagement, interference and usurpation of the various corporate affairs, and in the operation and management thereof caused certain losses; that they wasted corporate assets, usurped business opportunities of the corporation, and caused the foreclosure of a loan against the corporation; that they caused the loss of plaintiff's accrued salary; that they caused the loss of plaintiff's equity as a stockholder in the corporation; and as a direct violation of defendants' duties as officers and directors, they wrongfully and improperly made illegal payments by the corporation and from its funds to others. He alleged that all of the foregoing injured and damaged plaintiff and also injured and damaged said corporations.

Defendants answered and admitted the substance of the contracts and status of the parties, but denied any indebtedness to plaintiff, and denied his various charges of their alleged misconduct.

They filed a counterclaim, and sought general and punitive damages. They contended the corporate losses were due to fraud, misrepresentation and mismanagement by plaintiff, which caused the financial losses of the corporation.

The specific charges made by the Grossmans, defendants, against Glass, plaintiff, are set forth in their answer and counterclaim in paragraphs 8 through 21 (R. p. 60-64), and as a result of which they prayed damages against Glass.

1. The trial judge directed a verdict in favor of Glass and against the Grossmans as to the defendants' claim for damages, and this constitutes their first enumeration of

error. There was sufficient evidence for a jury to pass on in this matter, and we point to the transcript at pages 274, 293, 295, 363, 377, 558, 610, 611-615, 759. Let it be remembered that the evidence must be construed most favorably toward the respondent in a motion for directed verdict. *Ayares Small Loan Co. v. Maston,* 78 Ga. App. 628 (51 SE2d 699). And conceding arguendo, that the weight of evidence favored Glass, as plaintiff, this will not authorize the direction of a verdict in his favor. *Heaton v. Smith,* 121 Ga. App. 348, 351 (174 SE2d 197).

2. The second enumeration of error is without merit. While the evidence is very, very voluminous, and necessarily much of it was not closely connected with the relevant matters at issue, still there was sufficient evidence, not too speculative or too remote, as to enable the jury to find a verdict for Glass, as plaintiff, for a definite amount.

3. The third enumeration of error is on the ground that Glass removed certain documentary evidence from the courthouse and took physical possession of same and kept it in his possession during the recess of court from Friday until the following Monday. It is contended that the Grossmans' counsel had no knowledge of this conduct and that it was not authorized by the court. But even so, and while this appears to have been highly irregular, it is not shown that the evidence was altered or changed. In other words, no actual harm is shown to have resulted to defendants. In order to show reversible error, there must be shown a combination of *error and injury.* See *Gulick v. Mulcahy,* 95 Ga. App. 158, 160 (97 SE2d 362).

4. The fourth enumeration is because the trial judge correctly charged the jury *in part, but did not charge the remaining pertinent part of the law* on a certain question, as he is required to do. The court charged "I charge you that where a letter is properly addressed, duly stamped and deposited in the mail there is a presumption that it was received." But the presumption is *rebuttable,* and not conclusive. *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (100 SE2d 902); *Hamilton v. Stewart,* 108 Ga. 472 (34 SE 123). And the courts are required to charge *all the law* on that particular subject which is material or applicable to the case. *Searles v. State,* 107 Ga. App. 412 (130 SE2d

253). The Grossmans, during the trial, contended that various correspondence which Glass contended was mailed to them was never received by them (T. 751, 752), such as copies of the leases and modification agreements as to lease cancellation privileges. The jury could have applied the judge's charge to these pieces of mail which the Grossmans denied receiving, and which was therefore rebuttal evidence. Because of the foregoing, this charge was error.

5. Because of the errors shown in enumerations one and four, a new trial must be granted and this case is reversed.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 29, 1975 — DECIDED OCTOBER 29, 1975 — REHEARING DENIED NOVEMBER 17, 1975 — 

*G. Hughel Harrison,* for appellants.
*Melton, McKenna & House, Mitchel P. House, Jr.,* for appellees.

