## 54408. GROSSMAN et al. v. GLASS.

WEBB, Judge.

The parties to this case seek against the other money damages for breach of a contract between them, an element of damages being the diminution or loss of equity

interest in certain corporations. See *Grossman v. Glass,* 136 Ga. App. 575 (222 SE2d 64) (1975). On the retrial, the jury returned a verdict for Glass in the sum of $211,350. The Grossmans' motion for new trial was overruled, and they assert four alleged errors.

1. The first error assigned is that the trial court erred in denying their motion for directed verdict. We do not agree.

A motion for a directed verdict may be granted only "if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict..." Code Ann. § 81A-150 (a). The record is long, nine days were required for trial, and it was a jury question as to who breached the contract and as to what amount of damages was due Glass. "It is only where reasonable men may not differ as to the inferences to be drawn from the evidence that it is proper for the judge to remove the case from jury consideration." *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972); *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683, 688 (6) (188 SE2d 901) (1972). We find no error in the overruling of the Grossmans' motion for directed verdict at the close of Glass' evidence since the evidence as a whole authorized the verdict rendered. *Kamensky v. Stacey,* 134 Ga. App. 530, 533 (2) (215 SE2d 294) (1975).

2. The Grossmans contend secondly that the trial court erred in allowing, over objection, argument that they had lied during their testimony.

"It is the province of counsel to comment upon facts in evidence, and to draw deductions therefrom in such manner as to present the case for the side he represents in its light most favorable to his case, and this right should not be unduly infringed, so long as counsel does not attempt to introduce into his argument facts not supported by the evidence." *Bell v. State,* 85 Ga. App. 242, 244 (68 SE2d 925) (1952). "What the law forbids is the introduction into a case by way of argument of facts which are not in the record and are calculated to prejudice a party and render the trial unfair. The language used in the argument may be extravagant; but figurative speech is a legitimate weapon in forensic warfare if there are

facts admissible in evidence upon which it may be founded." *Waits v. Hardy,* 214 Ga. 41, 43 (102 SE2d 590) (1958).

A review of the testimony and depositions indicates there were not less than fifteen instances where testimony of the Grossmans was contradictory to their previous testimony, and while we will not say that they lied (which was perhaps strong for such a short word), it was nonetheless a reasonable inference and deduction. We will not control the trial judge, "who heard the evidence and tried the cause, in deciding how far the remarks of counsel are warranted by the evidence before the jury, when it is not clear that they were unwarranted." *Cobb v. State,* 27 Ga. 648 (6) (1859). The jury was fully charged as to conflicting evidence and contradictory statements and we find no merit in this contention.

3. Appellants next contend that the trial court erred in allowing the jury to deliberate until 11:53 p.m., at which time the verdict was returned. We disagree.

The trial court has the power to control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it. Code Ann. § 24-104 (4). "If the legal rights of the parties are not prejudiced or denied, this court will not interfere with the discretion of the trial court in matters of practice in the hearing and disposition of causes before it unless this discretionary power has been exercised in an illegal, unjust, or arbitrary manner." *International Assn. of Machinists v. Street,* 215 Ga. 27, 40 (108 SE2d 796) (1959); *Davis v. State,* 127 Ga. App. 76 (3) (192 SE2d 538) (1972). We cannot say that permitting the jury to deliberate until 11:53 p.m. was illegal, arbitrary, or an abuse of discretion on the part of the trial judge.

4. Lastly, appellants contend that the trial court erred in overruling their amended motion for new trial.

In the previous appearance of this case we pointed out that "there was sufficient evidence, not too speculative or too remote, as to enable the jury to find a verdict for Glass, as plaintiff, for a definite amount." *Grossman,* supra, p. 577. The evidence as a whole, as stated in Division 1, authorized the verdict, and the trial court did not err in overruling the amended motion for

new trial.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED SEPTEMBER 22, 1977 — REHEARING DENIED OCTOBER 12, 1977 — 

*G. Hughel Harrison,* for appellants.

*McKenna, House, Lancaster & Green, Mitchell P. House, Jr.,* for appellee.