57249. KELLY v. THE STATE.

BANKE, Judge.

The defendant was indicted for one count of murder and one count of aggravated assault. He was found not guilty of murder but convicted of aggravated assault. He appeals the denial of his motion for new trial. *Held:*

1. There was ample evidence to support the verdict. The defendant's contention that the verdict was contrary to the *weight* of the evidence is without merit. The appellate courts consider only the sufficiency, not the weight, of the evidence. *Ridley v. State,* 236 Ga. 147 (1) (233 SE2d 131) (1976).

2. The defendant was represented by retained counsel on the aggravated assault charge and by appointed counsel on the murder charge. He makes the novel argument that because of this double representation during the trial he was denied his Sixth

Amendment right to effective assistance of counsel. The defendant does not contend that either counsel was incompetent, but suggests that there was a possibility that the two attorneys could have come into conflict as to strategy in handling the case. There is no indication that such a conflict ever occurred. Furthermore, no such objection was ever made in the trial court. This enumeration of error is without merit.

3. The trial judge was at the point of sending the jury to dinner and then to a motel for the night when the foreman stated that he believed a verdict could be reached within the next 30 or 40 minutes. One of the jurors expressed a desire to eat at this time, but neither the foreman nor any of the other jurors echoed this desire. The trial judge sent the jury back for more deliberations, and a verdict was reached a short time later. The defendant contends that the judge's action in sending the jury back without allowing them to eat first was coercive and amounted to an abuse of discretion. We find no error. See *Grossman v. Glass,* 143 Ga. App. 464 (3) (238 SE2d 569) (1977). See generally Code § 24-104 (4).

4. The two crimes with which the defendant was charged arose out of the same shooting incident. The trial judge did not abuse his discretion in denying the defendant's motion for severance and in trying the two offenses together. *Clemson v. State,* 239 Ga. 357 (1) (236 SE2d 663) (1977).

*Judgment affirmed. Webb, P. J., and Underwood, J., concur.*

SUBMITTED FEBRUARY 5, 1979 — DECIDED MARCH 2, 1979.

*MacLeod & Callan, Scott Callan,* for appellant.
*F. Larry Salmon, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellee.