## 57179. TUCKER v. MAPPIN.

SHULMAN, Judge.

Appellant-Tucker, on behalf of his minor son, brought suit against appellee-Mappin, under the family purpose doctrine, for injuries his son sustained while riding as a guest passenger in defendant's car. From a jury verdict for the defendant, plaintiff appeals. We affirm.

1. One of the issues in contention was the identity of the driver of the automobile, both occupants of the vehicle claiming that the other was driving the car at the time it went off the road. The deputy sheriff who investigated the accident was called as a witness by the plaintiff. When asked his opinion on cross examination as to the identity of the driver of the automobile, the witness testified that, based on his investigation and medical evidence, he believed plaintiff was driving the car at the time of the accident. Plaintiff objected to the admissibility of the

officer's opinion on the grounds that it was hearsay and outside the scope of the witness' expertise. The court overruled plaintiff's objections and appellant contends that the court's admission of such testimony constitutes reversible error. We disagree.

A. We reject appellant's contentions that only an engineer in consultation with a physician would be qualified to testify as to the identity of the driver. The police officer had been properly qualified as an expert in investigating automobile collisions. The trial court did not err in ruling that identification of the driver was within the realm of the witness' expertise. *Faircloth v. State,* 95 Ga. App. 265 (1) (97 SE2d 641). Cf. *Tillman v. State,* 61 Ga. App. 724 (7 SE2d 285), holding that a nonexpert may testify as to the identity of a driver.

B. Appellant's argument that the court erred in failing to exclude the deputy's testimony as hearsay is similarly without merit. Assuming, but not deciding, that it was error to admit the deputy's testimony regarding his opinion based in part upon information he received from medical personnel, such error was harmless. Medical testimony concerning plaintiff's injuries was later introduced into evidence by plaintiff. This had the effect of vitiating any objection to the opinion testimony on the ground that such testimony was based in part on hearsay. Cf. *National Trailer Convoy, Inc. v. Sutton,* 136 Ga. App. 760 (3) (222 SE2d 98). As evidence to the same effect was admitted, plaintiff does not have grounds to object to the witness' reference to the plaintiff's medical diagnosis. *Healan v. Powell,* 91 Ga. App. 787 (2) (87 SE2d 332). See also *Dual S. Enterprises v. Webb,* 138 Ga. App. 810 (4) (227 SE2d 418).

C. Appellant contends that the identification testimony was inadmissible on the ground that such testimony invaded the province of the jury. As this ground was not presented to the trial court, it will not be considered here. *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668 (3) (239 SE2d 686). As to the merits of this contention, see, e.g., *Massee v. State Farm &c. Ins. Co.,* 128 Ga. App. 439 (3) (197 SE2d 459); *Dual S. Enterprises v. Webb,* supra, Division 1.

2. Appellant contends that if the deputy's testimony

were admissible, he should have been allowed to ask him leading questions and impeach his own witness, due to the fact that he was deceived and surprised by the officer's testimony. We disagree.

A. A party can impeach his own witness if he can show that he has been entrapped by a previous contradictory statement. As appellant's counsel did not show the existence of a prior inconsistent statement, a proper foundation was not laid for impeachment of his witness. Compare *Royal Crown Bottling Co. v. Bell,* 100 Ga. App. 438 (4) (111 SE2d 734).

B. Nor do we find error in the court's refusal to permit counsel to ask leading questions of his witness. "It is within the discretion of the trial judge to permit leading questions to be propounded to a witness in the direct examination, or he may sustain objection thereto, as the ends of justice and the ascertainment of the truth seem to require . . ." *Tippins v. Lane,* 184 Ga. 331 (1) (191 SE 134). See Code Ann. § 38-1706. "The mere fact that an unfavorable answer was given by the witness would not demand that counsel be allowed to ask leading questions of such witness so that a refusal to permit such questions would be an abuse of discretion." *Perkins v. Edwards,* 228 Ga. 470 (2) (186 SE2d 109). In accordance with *Perkins,* we hold that the court did not abuse its discretion in refusing to allow counsel to ask leading questions of the witness.

3. Appellant alleges error in the trial court's refusal to charge the jury as he requested in charges one and five, both involving presumptions of law. This is not well taken. A request to charge the jury must be correct and even perfect; otherwise, refusal to give it is not error. *Roberson v. Hart,* 148 Ga. App. 343 (2) (251 SE2d 173). Aside from other defects, if any, the requested charges were incomplete and imperfect in that they failed to qualify the presumptions as rebuttable. See *Grossman v. Glass,* 136 Ga. App. 575 (4) (222 SE2d 64).

4. Appellant urges that it was error for the trial court to instruct the jury that a mistrial would be declared if a unanimous verdict was not reached. Appellant asserts that the court's reference to a mistrial had the effect of overly stressing the necessity for unanimity. We disagree.

We note that "[a] charge, if given on this subject [unanimity] should not overly stress the necessity for either unanimity [cit.] or unyielding, individual conviction by each juror. [Cit.]" *Trask v. State,* 132 Ga. App. 645 (1) (208 SE2d 591). We find no violation of that proscription here. As in *Trask,* the trial judge made it clear here, both by the qualifying phrase "consistent with [your] consciences and oaths as jurors" and by the remainder of his charge on this subject, that unanimity was not to be achieved at the expense of violating each individual juror's deliberate, conscientious convictions as to what his verdict should be. Thus, we find no error in the court's charge to the jury. See generally *Crane v. Doolittle,* 116 Ga. App. 572 (3) (158 SE2d 426).

The judgment is not erroneous for any reason urged.

*Judgment affirmed. Deen, C. J., concurs. McMurray, P . J., concurs specially.*

Submitted February 12, 1979 — Decided May 8, 1979.

*Hubert E. Hamilton, III,* for appellant.
*Kendrick-Holmes, Slocumb & Pinkston, Robert S. Slocumb,* for appellee.

McMurray, Presiding Judge, concurring specially.

I concur fully in the judgment of affirmance and in general with the language of the opinon. However, I do not agree to the ruling in Division 3 with reference to the requested charges involving presumptions of law.

In my opinion, the requests to charge with reference to certain presumptions of law are not apt inasmuch as the evidence presented here does not require an instruction with reference to any presumptions of law.

I do not agree that a request to charge the jury must now be "correct *and even perfect;* otherwise, refusal to give it is not error." (Emphasis supplied.) This statement is based upon the case law interpreting old Code § 70-207 and as thereafter amended by Ga. L. 1937, p. 592 and previous language of the various codes of Georgia at least back to 1863 and perhaps the law beyond that date. This statute is no longer the law of Georgia.

The earliest decision I can locate interpreting this Code section that refusal to give a pertinent legal charge in the language requested to be error is that of *Etheridge v. Hobbs,* 77 Ga. 531 (4), 534 (3 SE 251) (1886), which holds that a request to charge should be perfect in itself, or the court may refuse it. While not citing any law to support the ruling, the Supreme Court, composed at that time of only three judges, stated as follows: "We have frequently held that a request must be perfect in itself; and if not, the court should refuse the same." See also *Macon, D. & S. R. Co. v. Joyner,* 129 Ga. 683 (4), 688 (59 SE 902). For further discussions as to the interpretation of Code § 70-207, as amended, requiring a written request that is correct and even perfect to be given in charge regardless of whether or not it is covered substantially in the language used in the general charge see *Werk v. Big Bunker Hill Mining Corp.,* 193 Ga. 217 (4), 225-234 (17 SE2d 825); *Lewis v. State,* 196 Ga. 755 (3), 760-765 (27 SE2d 659); *Bibb Transit Co. v. Johnson,* 107 Ga. App. 804 (1), 805, 806 (2) (131 SE2d 631); and *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 159 (9), 163 (141 SE2d 189).

With the adoption of the new Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 40), Code § 70-207, as amended, relating to the charge of the court was repealed. This was specifically so to do away with earlier rulings of the Supreme Court and this court in following the Supreme Court as to the requirement that written requests to charge must be perfect, and if so, the trial court must give it in the charge regardless of whether or not the court had substantially covered same in the general charge, else same was error.

In *Hardwick v. Price,* 114 Ga. App. 817 (3), 821 (152 SE2d 905), then Chief Judge Felton discussed the fact that the trial judge was no longer required to give written requests to charge "in the exact language requested, where the charge substantially covered the same principle." He then stated that it was no longer a ground for new trial, "since the repeal and re-enactment of Code Ann. § 70-207. . ." However, Code Ann. § 70-207 was not re-enacted, but the unofficial codifiers of Georgia Code Annotated (The Harrison Company) chose to install § 17 of the Appellate Practice Act of 1965 as Code Ann. §

70-207 (thereafter amended, Ga. L. 1966, pp. 493, 498; 1968, pp. 1072, 1078) instead of in Title 6 of the annotated code.

This special concurrence is written to point out the above because this court continues to summarily overrule enumerations of error because of the older cases based upon the old law of Code § 70-207, as amended, prior to the Appellate Practice Act that a written request to charge "must be correct and even perfect, otherwise refusal to give it is not error." In my view this is no longer the law.