## 73338. ADAMS v. SOUTHERN RAILWAY COMPANY.
### (349 SE2d 809)

BANKE, Chief Judge.

The appellant sued the appellee, Southern Railway Company, to recover damages under the Federal Employers' Liability Act for the death by heatstroke of her husband, a former employee of the railway. This appeal follows a judgment entered on a jury verdict in favor of the appellee.

On the day he died, the decedent was a member of an 8-man crew assigned to unload a "ballast train," which is a train loaded with rock to be placed on the track bed to enhance drainage. The unloading is accomplished by walking alongside the moving train and opening the doors to the ballast cars to release the rock onto the bed. There was evidence that on the day in question, the temperature was over 90 degrees. A pathologist, the only physician to testify, testified that in his opinion the decedent's death was caused by heatstroke, complicated by acute coronary arterial thrombosis with underlying severe coronary artery atherosclerosis. The doctor's testimony that the decedent had suffered from a severely diseased heart and that this had been a significant factor in his failure to recover from the heatstroke was uncontradicted. It was also established without dispute that no one, including the decedent and his family, had been aware of his heart condition prior to his death.

The appellant's sole enumeration of error is directed towards the trial court's admission into evidence of a video tape showing a work crew unloading a ballast train under conditions which, according to her, were dissimilar to those prevailing on the day her husband died. *Held*:

The trial court did not err in allowing the jury to view the video tape, which was offered and admitted for the sole purpose of illustrating the unloading operation. The jury was fully advised not only of the limited purpose for which the evidence was admitted but also of the applicable differences in temperature, terrain, and other factors. "The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge, and will not be controlled unless abused." *Grasham v. Southern R. Co.*, 111 Ga. App. 158, 161 (141 SE2d 189) (1965). We find no such abuse in this case.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 16, 1986.

*William R. Moseley, Jr., Donald F. Ruzicka*, for appellant.

*Burt DeRieux, Harold S. White, Jr., Keith J. Reisman*, for appellee.